Michael Kavanagh, Respondent, *v.* A. L. Barber, Appellant.

| 131 | 211 |
|-----|-----|
| 161 | 105 |
| 131 | 211 |
| j172 | ² 23 |

*It seems,* that interferences with public and common rights, creating a public nuisance, when accompanied with special damage to the owner of lands, give also a right of private action; the public nuisance as to the person who is specially injured thereby in the enjoyment or value of his lands, becomes also a private nuisance.

Such an action, however, can only be maintained by one who is an owner or has some legal interest, as lessee or otherwise in the land which is affected by the nuisance.

Where, therefore, in such an action the evidence showed that plaintiff had no lease or other interest in the premises occupied by him and his family which were affected by the nuisance, but that they belonged to his wife, the family being supported by him but, so far as appeared, living in the house by her sufferance, *held,* that plaintiff could not maintain the action; that both the occupation and possession was in a legal sense that of the wife and not of the husband.

*Kavanagh* v. *Barber* (59 Hun, 60), reversed.

(Argued December 16, 1891; decided March 1, 1892.)

APPEAL from judgment of the General Term of the Supreme Court in the fifth judicial department, entered upon an order made January 23, 1891, which affirmed a judgment in favor of plaintiff entered upon a verdict.

This was an action to recover damages alleged to have been sustained by plaintiff by reason of an alleged nuisance created by defendant in operating a factory for the manufacture of asphalt for paving purposes.

The facts, so far as material, are stated in the opinion.

*Sheldon T. Viele* for appellant. The title to the real estate being in the wife, the possession of the same is also in the wife. (*Martin* v. *Rector*, 101 N. Y. 77; *Heeg* v. *Licht*, 80 id. 582; 2 Suth. on Dam. 394.) The court erred in refusing to charge that the title to the house and lot being in the wife, the plaintiff cannot recover in this action, the occupancy and possession being in his wife. (*Cornes* v. *Harris*, 1 N. Y. 223.) If we assume that the nuisance was a common nuisance, then the plaintiff cannot recover, as no damages peculiar to himself have been proven. (*Adams* v. *Popham*, 76 N. Y. 410; *Francis* v. *Schoellkopf*, 53 id. 152.) If the action was one for a common nuisance to recover for particular damage, then the measure of damages is the depreciation of rental value of the real estate. (*Francis* v. *Schoellkopf*, 53 N. Y. 152; *Chipman* v. *Palmer*, 77 id. 57; *Peck* v. *Elder*, 3 Sandf. 126.) The court erred in charging in substance that the action could be maintained as an action on the case, even if the plaintiff had no right in the realty. (*Morley* v. *Pragnall*, Croke, 510; *S. J. R. Co.* v. *Brooks*, 74 Cal. 463; *Ilson* v. *Manley*, 76 Ga. 804; *M. B. B. M. Co.* v. *D., L. & W. R. Co.*, 21 N. J. L. 56; *Platt* v. *C., B. & Q. R. Co.*, 74 Ill. 127.) No other person than one having the right to the realty can maintain the action. (*Martin* v. *Rector*, 101 N. Y. 77.)

*H. C. Day* for respondent. The ruling of the court that a husband, who lives with his family in premises which are owned by his wife, may recover for a nuisance which annoys

him and the whole neighborhood, was proper. (3 Pars. on Cont. 581; Stewart on Husband & Wife, 60; *Coleman* v. *Burr*, 93 N. Y. 24; *Commonwealth* v. *Wood*, 97 Mass. 225.)

ANDREWS, J. The trial judge instructed the jury that if they found that the vapors arising from the manufactory of the defendant constituted a nuisance, the plaintiff was entitled to recover to the extent of the damages sustained by him in the diminished enjoyment of the premises he occupied. The evidence justified a finding that the fumes arising from the asphalt penetrated the house and subjected the plaintiff and his family to great annoyance and discomfort. The air of the neighborhood was tainted with the odor, and there is some evidence that the plaintiff's wife and daughter became ill in consequence. The main damage, however, sustained by the plaintiff, according to the proof, was in the personal discomfort to which he was subjected in the occupation of the house. The case in its legal aspects is novel.

The house was owned by the plaintiff's wife and had been occupied for fourteen years by the plaintiff and his family, and was so occupied when the manufactory of the defendant was built. The plaintiff, so far as appears, had no lease or other interest in the realty. The family, as is to be inferred, lived in the house by sufferance of the wife. The possession of the house followed the legal title. Both the occupation and the possession, in a legal sense, was that of the wife and not of the husband. (*Martin* v. *Rector*, 101 N. Y. 77.) The husband supported the family. The question presented is whether under these circumstances a private action can be maintained by the husband for the discomfort caused by the offensive vapors. We find no precedent for such an action by a person so situated.

Mr. Justice BLACKSTONE defines a private nuisance to be " anything done to the hurt and annoyance of the lands, tenants or hereditaments of another," which definition, as said by Judge COOLEY (Cooley on Torts, pg. 565), embraces not a mere physical injury to the realty, but an injury to the owner

or possessor as respects his dealing with, possessing or enjoying it.   Interference with public and common rights, creating a public nuisance, when accompanied with special damage to the owner of lands, gives a right of private action.   The public nuisance as to the person who is specially injured thereby in the enjoyment or value of his lands becomes a private nuisance also.   Upon the evidence in this case on the part of the plaintiff the defendant maintained a public nuisance.   The air of the neighborhood was for a long distance infected with the disagreeable odor of the asphalt and rendered residence within the area uncomfortable and life therein less enjoyable.   Upon these facts the plaintiff's wife, who owned and lived in the premises, sustained an actionable injury.   (*Mills* v. *Richards*, 9 Wend. 315; *Francis* v. *Schoellkopf*, 53 N. Y. 152.)

The trial judge charged the jury that the plaintiff could not recover for any injury to the premises, or for diminished rental value, for the reason that the title was in the wife.  · The wife, who both owned and occupied the realty, had her action for damages for the special injury in being deprived of the reasonable enjoyment of her property as her dwelling by reason of the nuisance.   The judgment adjudges that the husband also can maintain an action for the interference with his enjoyment of the premises.   The principle upon which the judgment proceeds, if sustained, will greatly extend the class of actionable nuisances.   We have found no case where a private action has been maintained for corruption of the air by offensive odors, except by a plaintiff who was the owner of or had some legal interest, as lessee or otherwise, in land, the enjoyment of which was affected by the nuisance. The cases are numerous of actions on the case for nuisance created by a noxious trade, producing offensive and noisome odors, smoke or noises, but from the case of *Morley* v. *Pragnell* (Cro. Car. 510) down, they have been brought and maintained (so far as we can discover) by the owner or lessee of the realty affected by them. (See Wood on Nuisances, pg. 577.) We perceive no legal distinction between the plaintiff's situation and that of a lodger or guest in the house, or why, if the plaintiff can maintain an

action, each member of the household cannot maintain one likewise for her or his separate injury of the same kind. The plaintiff's situation appeals more strongly perhaps than the others for an extension of the rule as heretofore understood. But there was a public remedy open to him by public prosecution, and we think the public interests would not be subserved by opening the door to actions of this character, where the claimant has no property right to be protected from infringement. The language of Chief Justice SHAW in *Quincy Canal Co.* v. *Newcomb* (7 Met. 276) is appropriate here : "He cannot have an action because it would lead to such a multiplicity of suits as to be itself an intolerable evil."

We think the judgment is erroneous.

The judgment should be reversed and a new trial granted. All concur.

Judgment reversed. _____