DOMENIC DAURIZIO, Plaintiff, *v.* MERCHANTS DESPATCH TRANS-PORTATION COMPANY, Defendant.

Supreme Court, Monroe County, September 12, 1934.

*William L. Clay,* for the plaintiff.

*Harris, Beach, Folger, Bacon & Keating,* for the defendant.

KNAPP, J. This action is brought by the plaintiff against the defendant to recover damages from it by reason of certain acts set forth in the plaintiff's complaint.

The complaint of the plaintiff contains six alleged causes of action, to wit, negligence, nuisance, breach of contract, fraud, violation of statute, misfeasance of the defendant.

The allegation of negligence sets forth the fact that the relation of master and servant existed between the plaintiff and this defendant; that the plaintiff worked for the defendant, and that by reason of the failure of the defendant to provide him a safe place to work, safe tools and appliances, and reasonable regulations, this plaintiff suffered injury. Damages are sought against the defendant for that injury. No attack is made upon this alleged cause of action.

The defendant, however, is now moving against the other causes of action set forth in the plaintiff's complaint, upon the ground that they do not allege facts sufficient to constitute the causes of action sought to be alleged, and, in the alternative, that certain causes of action should be set aside on the ground they are redundant repetitious, unnecessary and immaterial.

The pleader in the second cause of action has attempted to set forth a cause of action based upon a nuisance. The plaintiff was employed to work for the defendant at its factory, and the alleged acts by which this plaintiff seeks to recover damages against the defendant were acts arising out of the employment of the plaintiff by the defendant, and were within the buildings owned or operated by the defendant.

There are two forms of nuisance, private and public. A private nuisance has been defined by Blackstone as " anything done to the hurt or annoyance of the lands, tenements and hereditaments of another." (3 Black. Comm. 215.) Mr. Cooley, in the third edition of his work on Torts, volume 2, page 1174, enlarges upon this definition as follows: " By hurt or annoyance here is meant, not a physical injury necessarily, but an injury to the owner or possessor thereof, as respects his dealing with, possessing or enjoying them."

This rule has been adopted and applied by the courts of this State. (*Kavanagh* v. *Barber*, 131 N. Y. 211; *Heeg* v. *Licht*, 80 id. 579.)

There is no claim made in this action that this plaintiff either owned the property in which he worked or had any right to possession of any part thereof. He was simply an employee of the defendant.

In the case of *Kavanagh* v. *Barber* (*supra*) the court held that there was sufficient evidence to justify the jury in finding that certain fumes from the defendant's manufacturing establishment

tainted the air of the neighborhood and penetrated into the house in which plaintiff was living with his family. The house, however, was owned by the plaintiff's wife, in which the plaintiff had no legal interest. In an action brought by him for damages by reason of acts of the defendant the court held that he had no right of action against the defendant, and, in the course of its opinion, said: " The principle upon which the judgment proceeds, if sustained, will greatly extend the class of actionable nuisances. We have found no case where a private action has been maintained for corruption of the air by offensive odors, except by a plaintiff who was the owner of, or had some legal interest, as lessee or otherwise, in land, the enjoyment of which was affected by the nuisance."

The same doctrine was held in the case of *Hughes* v. *City of Auburn* (161 N. Y. 96).

Plaintiff's injuries are alleged to have occurred on the same premises where the nuisance is alleged to have existed. A private nuisance involves the existence on one property of a dangerous condition which is a hazard or annoyance to another property.

A nuisance is public only when it hazards or annoys the public-at-large or a large number of the public as distinguished from a determinate number of persons. (*People* v. *Transit Development Company*, 131 App. Div. 174.)

It becomes actionable in a civil action for damages only when a member of the public-at-large, so hazarded, receives some special damage. (*Close* v. *Whitbeck*, 126 App. Div. 544.)

The plaintiff herein makes no allegation that the defendant's plant was a public place, nor that the hazard of the nuisance on defendant's property extended to a public street or place, nor that the plaintiff was exposed to the hazard of a nuisance as a member of the public-at-large.

An employer's liability for injury to his employees by reason of a dangerous condition upon the premises is founded on negligence, and results from the violation of the employer's duty to provide his employees with a reasonably safe place in which to work.

The cases are practically uniform that actions for nuisance, either public or private, must be justified only on the one theory or the other; that is to say, in the cases which have proceeded upon the theory of nuisance, the plaintiff either had a property right in premises adjoining the property on which the nuisance existed, or the plaintiff was a member of the public-at-large, and was injured by reason of a nuisance which was a hazard to the public. No authority in this State has been submitted to me in which an action for a nuisance has been brought by an employee against an employer for alleged acts of the employer committed within the confines of his plant. This cause of action cannot be sustained.

The plaintiff in his third cause of action sets forth a breach of a civil contract. It is alleged that the plaintiff and the defendant entered into an agreement by which agreement the defendant agreed to employ the plaintiff and to furnish him with a safe and suitable apparatus and a safe place to work, and to pay the plaintiff an agreed amount for his services; and that the plaintiff accepted the employment for a good and valuable consideration and continued in such employment and performed all the conditions of the agreement. It then alleges a breach of the terms of the contract on the part of the defendant, and seeks to recover damages therefor. The relationship of master and servant may, and most frequently does, exist by simple mutual agreement that the servant is to labor for the master. In such case the law holds that the terms of the contract are not fully expressed, and that there exist by implication reciprocal rights and obligations on the part of each, which it will protect and enforce as fully as if expressed by the parties. (Bailey Master's Liability and Injuries to Servant, 1.)

Among the implied obligations resting upon the master are the following:

1. That he shall provide suitable means and appliances to enable the servant to do his work as safely as the hazards incident to the employment will permit. (*Fuller* v. *Jewett*, 80 N. Y. 46.)

2. That he will provide a suitable and reasonably safe place for the doing of the work to be performed by the servant. (*Flike* v. *Boston & Albany R. R. Co.*, 53 N. Y. 549.)

3. Providing of other servants when the circumstances require it, sufficient in number and reasonably skillful and competent for the performance of the service so that the servant may not be exposed to unnecessary risk or peril from unskillful or incompetent workmen or servants, or from a lack of a sufficient number of them. (*Flike* v. *Boston & Albany R. R. Co.*, supra.)

While the master may make a contract with his employee affecting many of the terms of his employment, which contract, if based upon a valuable consideration, will be legal and binding upon the parties thereto, still the master cannot make a contract with his employee that will in any wise reduce his liability to his employee either granted by statute or by the common law. This would be against public policy. (*Johnston* v. *Fargo*, 184 N. Y. 379; note, 7 L. R. A. [N. S.] 537.)

The action for breach of the promise of the master is an action in tort for the negligence and not on the promise. (*Obanhein* v. *Arbuckle*, 80 App. Div. 465.)

In that case the employee was injured from the use of a defective saw. That the foreman of the employer assured him that new

ones would be supplied and he would be taken care of in case of accident. The accident occurred, and the court, in the course of its opinion, says: " The effect of the master's promise to pay damages in case of injury is a waiver of the right to assert as a defense the fact of the assumption of the risk by the servant, while at the same time it is tantamount to the actual assumption of such risk in respect to the financial consequences of his negligence by the master himself as the conscious wrong-doer. Certainly, the consequences apprehended by both are the consequence of the master's conceded negligence in failing to fulfill a duty imposed upon him by law, and the plain assurance given to the servant is that if he will use the defective appliance in his master's service until a safer one can be substituted, it shall be at the master's risk so far as concerns the right to compensation for the negligence of duty which lies at the foundation both of the injury inflicted and of the remedial action. While there could be no recovery save for the promise, the recovery is not upon the promise, but because of the negligence which occasioned it. In other words, the gravamen of the action is the master's negligence and not his promise to pay."

39 Corpus Juris, page 259, states the rule as follows: " Except insofar as the common law rules have been modified by statute, the master is, where the relation of master and servant exists, liable to the servant for personal injuries sustained by him and which have been incurred by him while he is within the course and scope of his employment by reason of the master's negligence, except insofar as his liability may be affected by the application of the doctrines of assumed risk, contributory negligence, and of fellow servant. Negligence upon the part of the master is essential to his liability at common law for an injury sustained by the servant. The employer is not an insurer of the employee's safety. He is liable for the consequences of his negligence, but not of the dangers of the employment, * * * The duty of the master arises by operation of law from the relation of master and servant, and not out of the contract of employment. No contract will be implied from the contract of hiring whereby the employer agrees to take due and ordinary care not to expose the servant to extraordinary risk and danger in the course of his employment."

It may be pointed out that in this cause of action the pleader alleges only that the employer agreed to furnish to the employee in his work those particular requirements laid down by statute or common law, and does not claim in any form a waiver or a release of any of the employer's duties.

Given the fullest effect to all the allegations in this alleged cause of action they do not make a cause of action against the defendant.

If the agreement as alleged only expresses the statutory and common-law duties imposed upon employers, a violation of such duties is fully alleged in plaintiff's charge of negligence. If such agreement waives or tends to waive the employer's legal duties towards his employees, it is void as against public policy.

In the plaintiff's fourth alleged cause of action the pleader attempts to plead fraud by alleging that the master made certain representations to the employee regarding its plant and factory being a safe place in which to work; that said representations were false and untrue, and were so known to be false and untrue by the employer; and that they were made with intent to defraud and deceive this plaintiff, and he is seeking to recover damages therefor against the defendant.

Much that has been said heretofore applies to this cause of action. No case has been submitted to me which either directly or indirectly supports a cause of action upon any such theory as this, and I believe it to be insufficient. No matter how many purported causes of action are included in one complaint, if the real basis of liability is negligence, there is but a negligence cause of action stated. (*Payne* v. *New York., Susq. & W. R. R. Co.*, 201 N. Y. 436.)

The pleader in the fifth cause of action sets forth that the defendant violated the terms of the Labor Law, and by reason of that fact he is entitled to recover damages against this defendant. In *Koester* v. *Rochester Candy Works* (194 N. Y. 92) the court says: " The Labor Law makes a violation of its provisions a misdemeanor, but does not give a civil remedy therefor to the party injured."

A violation of the provisions of the Labor Law has been held evidence of negligence, if not negligence *per se*. (*Weisthal* v. *Arena Building Corp.*, 232 App. Div. 694; affd., 257 N. Y. 537; *Marino* v. *Lehmaier*, 173 id. 530; *Karpeles* v. *Heine*, 227 id. 74, 79; *Koester* v. *Rochester Candy Works*, 194 id. 92.)

An examination of the plaintiff's complaint will disclose that the pleader in great detail has pleaded in his first cause of action, to wit, negligence, definite and specific violations of the Labor Law. The fifth separate cause of action adds nothing more to the pleading than is contained in the first alleged cause of action set forth in the plaintiff's complaint. If upon the trial of the action the plaintiff is able to prove a violation of the Labor Law there will be at least some evidence of negligence on the part of the defendant. In this case there is one primary wrong and one liability. (*Payne* v. *New York, Susq. & W. R. R. Co.*, 201 N. Y. 436.)

This alleged cause of action is immaterial unnecessary, redundant and repetitious.

46

The court finds itself unable to designate definitely the pleader's alleged sixth cause of action. The plaintiff alleges that the defendant wrongfully and unlawfully maintained upon its premises a factory without proper and sufficient ventilation; that it maintained its factory in which dust was generated and released into the air without providing means to remove the dust; and that these are positive acts and were in violation of the laws of the State of New York.

All of these acts charge a wrong. A wrong is either *ex contractu* or *ex delicto*.

" In its most usual sense wrong signifies an injury committed to the person or property of another, or to his relative rights unconnected with contract; and these wrongs are committed with or without force. But in a more extended signification, wrong includes the violation of a contract; a failure by a man to perform his undertaking or promise is a wrong or injury to him to whom it was made." (Baldwin, Century Edition of Bouvier's Law Dictionary, under the heading, " Wrong.")

Wrongs are either public or private, and are further discussed in Moak's Underhill on Torts (1st Am. ed.), at pages 3 and 4.

The gravamen of the various claims of the plaintiff is not based upon contract. Therefore, it must be based upon a tort, a wrong, or, in other words, negligence. The pleader states that the defendant was guilty of misfeasance. Misfeasance is the performance of an act in an improper manner. Nonfeasance is the failure to perform an act. Either one or both together may be negligence.

Negligence is defined in Bouvier (p. 839) as follows: " The failure to do what a reasonable and prudent person would ordinarily have done under the circumstances of the situation, or the doing what such a person under the existing circumstances would not have done."

The defendant's failure to comply with the requirements of the statute are set forth in detail as a separate cause of action, and personal injuries are claimed through the misfeasance of the defendant and not nonfeasance or negligence. If this cause of action is founded on nuisance it is insufficient for the reasons already stated. If it is founded on the violation of a statute it is repetitious and is fully covered by the other allegations in the plaintiff's complaint. It adds nothing to the allegations of the complaint as already made, and should be stricken out as repetitious, redundant and immaterial.

The court is impressed with the fact that in the ultimate result this is purely an action in negligence, and that the rules of negligence apply; that the allegations of negligence set forth in the

first cause of action are sufficient to raise all the questions that can be raised by the plaintiff in this litigation; and that the other separate and distinct causes of action as therein set forth add nothing to it. It is not what these causes of action are called that is important; it is whether or not they set forth separate facts which constitute separate and distinct causes of action.

The defendant's motion must be granted, with ten dollars costs.