■ ALLIED 31ST AVENUE CORPORATION, Respondent-Appellant, v. CITY OF NEW YORK et al., Defendants; BROOKLYN UNION GAS COMPANY et al., Appellants, and NEW YORK TELEPHONE COMPANY, Appellant-Respondent.— Order of the Supreme Court, Queens County, dated November 12, 1965, affirmed insofar as appealed from, without costs. We do not consider that the defendants New York Telephone Company and Consolidated Edison Company of New

York, Inc., waived their right to move to dismiss the complaint on the ground of a defense founded upon documentary evidence because they failed to make such a motion prior to answer and did not allege the defense in their answer (CPLR 3211). Under the circumstances of this case, we deem the motion to be addressed to the sufficiency of the complaint, rather than a motion based on new matter which should properly be pleaded as a defense or be the subject of a motion prior to answer. Moreover, the defendant Brooklyn Union Gas Company, whose legal position is similar to that of the other appealing defendants, had made its motion prior to answer, and the motions by the other appealing defendants, though made after answer, followed closely after the motion by Brooklyn Union Gas Company. If we were disposed to grant the latter's motion, it would accordingly be anomalous to continue the action as against the other appealing defendants. In our opinion, however, we consider that the motions of all the appealing defendants were properly denied. Since those motions were directed to the complaint as a whole, they must be denied if any cause of action is valid (*Rosenblatt* v. *Birnbaum*, 16 N Y 2d 212; *Griefer* v. *Newman*, 22 A D 2d 696). We think that plaintiff's action for damages based on trespass is presently sufficient. An action for trespass may be brought by a person in exclusive legal possession at the time of trespass (1 Harper and James, Law of Torts, § 1.2, p. 5; Restatement, Torts, § 157; cf. *Farrer* v. *Piecuch*, 278 App. Div. 1011; *Domhoff* v. *Paul Stier, Inc.*, 157 App. Div. 204). The documentary evidence presented by the appealing defendants is neither clear nor conclusive that plaintiff had no possessory rights in the land claimed to have been the subject of the trespass at the time of the trespass; and accordingly we think that the legal positions of the parties may be better determined at a trial. We express no opinion as to the other points raised by the appealing defendants. Ughetta, Acting P. J., Brennan, Rabin and Hopkins, JJ., concur; Christ, J., not voting.