■ RUTH M. KENT, Respondent, v. ARTHUR L. WINN, JR., et al., Appellants.— Appeal by defendants from a judgment of the Supreme Court, Rockland County, dated August 18, 1967 and made after a nonjury trial, adjudging that (1) plaintiff is vested with fee title to the property known as "First Street" and (2) defendants Winn are permanently enjoined from entering upon the said premises and from constructing and using a driveway thereon. On the appeal by defendants Winn, judgment reversed, on the law and the facts, without costs, and complaint dismissed. Appeal by defendant Schermer dismissed, without costs. He is not an aggrieved party, since the judgment contains no provisions against him. Respondent instituted this action to enjoin appellants Arthur and Sadie Winn from trespassing over a parcel of land which she allegedly owned in the town of Clarkstown, Rockland County. The land in question is a triangular strip to the southwest of the Winns' property and claimed by respondent to lie in the northwestern part of her property; in actuality, the land lies in the bed of First Street, a road that is between the properties of these parties. In order for her to succeed in this action, respondent had to establish her claim either by title to the land or by possession thereof in the absence of valid title in any of the parties (*Edwards* v. *Noyes,* 65 N. Y. 125; *Michelsen* v. *Leskowicz,* 55 N. Y. S. 2d 831, 838, affd. 270 App. Div. 1042). It is not disputed that the Winns were in possession of the land by virtue of having constructed a driveway on the property; without such access to their premises, they would be landlocked

without means of egress. Respondent, therefore, can succeed only if she can show valid title. Although she has what purports to be a valid deed to the premises, the grantor had no interest to convey because the property had previously passed to the State in a tax sale, and such sale carried with it title of the property to the center line of First Street, the area in question (*Bissell* v. *New York Cent. R. R. Co.*, 23 N. Y. 61; *Hennessy* v. *Murdock*, 137 N. Y. 317; *Lowe* v. *Di Filippo*, 12 A D 2d 788). In our opinion, therefore, the deed was a nullity. Furthermore, a sale by the State of certain parcels of land by letters patent to respondent's husband did not convey the subject premises, as the maps which describe the area conveyed indicate that there was no transfer of the bed of First Street. Finally, as the party seeking relief, it was incumbent on respondent to sustain her action on the strength of her own title (*Beers* v. *Hotchkiss*, 256 N. Y. 41, 45). Since she has not done so, it is our opinion that the trial court erred in granting her the relief requested. Brennan, Acting P. J., Rabin, Benjamin, Munder and Martuscello, JJ., concur.