■ PHILIP BOOTHE, Appellant, v BERNAL WILLIAMS et al., Respondents. — In an action to recover damages, *inter alia,* for trespass, plaintiff appeals from a judgment of the Supreme Court, Queens County (Lonschein, J.), dated September 12, 1983, which dismissed his complaint for failure to establish a prima facie case.

Judgment affirmed, without costs or disbursements.

Although plaintiff's filing of a bankruptcy petition operated as an automatic stay of any proceedings pending against him, it appears that on April 9, 1982 when the alleged trespass occurred, he had no proprietary interest in the subject property. His month-to-month tenancy had been terminated by the Department of Housing and Urban Development and he no longer had any right to possess the land. The automatic stay provisions which accompany a bankruptcy petition (US Code, tit 11, § 362) are intended to prevent the depletion of the debtor's assets, and do not alter a debtor's interest in property (see *Matter of Trigg v United States,* 630 F2d 1370). Since the gist of a trespass action is compensation for injury to a plaintiff's right of possession, and plaintiff had no right of possession to the premises on the day in issue, the action for trespass was properly dismissed (*Kent v Winn,* 30 AD2d 703). Titone, J. P., Bracken, Niehoff and Rubin, JJ., concur.