(September 19, 1994)

■ ALICE ACE, Appellant, v STATE OF NEW YORK, Respondent. [616 NYS2d 640] —In a claim to recover damages, *inter alia,* for the negligent infliction of emotional distress, the claimant appeals from a judgment of the Court of Claims (Weisberg, J.), entered April 6, 1990, which dismissed the claim.

Ordered that the judgment is affirmed, with costs.

The claimant alleges that the State negligently released a copy of her psychiatric records to the attorney who was representing her husband in a Family Court proceeding. The claimant further posits that she has been damaged by the State's action because she now suffers from a fear, fueled by her husband's alleged threats, that the records will be wrong-

fully used against her. The Court of Claims dismissed the claimant's action and for the following reasons we affirm.

In 1982, during the course of Family Court proceedings concerning the custody of the claimant's three children, the office of the Corporation Counsel of the City of New York, the children's Law Guardian, and the husband's attorney each subpoenaed the claimant's psychiatric records from a State-run mental health facility. The facility received at least two subpoenas from the husband's attorney, both of which were "so ordered" by the Family Court Judge. Notably, the claimant was informed of the subpoenas and neither attempted to have them quashed nor the records redacted. In response to the subpoenas, the facility delivered one copy of the subject records to the Family Court and one copy to the husband's attorney. It is uncontroverted that in delivering the second copy directly to the husband's attorney, the facility deviated from its normal policy of sending such records only to the court which issued the subpoena. The procedure in the Family Court was to keep records of this type on file in the clerk's office, where they were made available for inspection and review by the parties' attorneys. The attorneys could sign out the records and there was no evidence that attorneys were directed to refrain from making photocopies thereof.

While the claimant's psychiatric records were confidential, Mental Hygiene Law § 33.13 specifically authorizes the disclosure of such psychiatric records upon a court order. Here, the claimant actively sought to maintain custody of her minor children in contested proceedings. Thus, the children's welfare was the paramount issue and the claimant is deemed to have waived whatever privilege against disclosure which she may have had in the records (see, CPLR 4507).

In addition, although the facility deviated from its policy in delivering a copy of the records directly to the husband's attorney, it is uncontroverted that the attorney was entitled to review the records and was under no order to refrain from making photocopies thereof. The sole claim forwarded by the claimant is that she has sustained mental injury as the result of her fear that her husband and/or his attorney will inappropriately use the contents of her psychiatric records. However, despite the passage of some 12 years, the claimant has presented no evidence that either her husband or her husband's attorney had ever shown the file to anyone unauthorized to see it or had divulged its contents to anyone not entitled to hear it.

We agree with the trial court that the claimant's claimed

damages stem not from the attorney's lack of explicit authority to view the records, but from the fact of his possession and from her unfounded and speculative fears regarding its possible improper use. However, the knowledge obtained by the husband's attorney was properly obtained within the course of the Family Court proceeding. Further, to be compensible, psychological damages must be the direct consequence of an injury which resulted from the defendant's breach of duty (Martinez v Long Is. Jewish Hillside Med. Ctr., 70 NY2d 697). Moreover, prospective consequences must be expected to flow with reasonable probability from the harm (see, Askey v Occidental Chem. Corp., 102 AD2d 130). Here, the claimant's fears of future harm are too speculative to support an award of damages. Ritter, J. P., Pizzuto and Krausman, JJ., concur.

Friedmann, J., dissents and votes to reverse the judgment appealed from and to reinstate the claim with the following memorandum, in which Goldstein, J., concurs: It is a well-established principle of tort law that the defendant must take the plaintiff as he finds him. Put somewhat differently, a defendant will be liable for all of the consequences of striking a plaintiff on the head, even though he was unaware when he did so that the plaintiff had an egg-shell cranium.

Here, the claimant had sought psychotherapy because she suffered from depression, anxiety, paranoia, and feelings of dependency and helplessness. During the course of her therapy, the claimant sought a divorce from her husband, whom she accused of abusing her and her children. The relationship with her husband was the chief provoker of the claimant's pathological emotions, and she sought through therapy to conquer them and to become independent. During her years of treatment, the claimant confided to her therapists many intimate matters that she had never divulged to her husband, and that she particularly did not want disclosed to him—at least in part because she feared that he could use the information to perpetuate her subjugation. The claimant demanded repeated assurances from her therapists that her records would remain confidential. It was the claimant's perception that her husband's attorney was in league with his client in a campaign to do her harm.

It is in this context that the claimant's psychiatric records were negligently sent to her husband's attorney. When the claimant learned of her husband's unfettered "control" of her records, two psychiatric professionals testified, she suffered a severe emotional regression, with compounded feelings of helplessness and depression, and a preoccupation with suicide.

She even "gave up" her matrimonial action, and returned to her husband for a year. Subsequent therapy was impeded by the claimant's loss of trust, and her reluctance to confide in counsellors whose notes could be released.

Under these circumstances, the "devastating" emotional injury suffered by the claimant was a direct and foreseeable result of the defendant's breach of duty, and should be compensable (see, *Martinez v Long Is. Jewish Hillside Med. Ctr.,* 70 NY2d 697; *Johnson v State of New York,* 37 NY2d 378; *Battala v State of New York,* 10 NY2d 237; *cf., Kennedy v McKesson Co.,* 58 NY2d 500).

Finally, contrary to the majority's conjecture, the photocopying of psychiatric records subpoenaed to the court is strictly forbidden. The claimant's witnesses made clear that the claimant would not have suffered the emotional damage complained of had her records been properly released pursuant to the husband's subpoena, because they would then have been subject only to selective use under the supervision of the court.