Donald L. SWEARINGEN, Deborah
Swearingen, h/w individually and as par-
ents and natural guardians of their mi-
nor children, Tammi Swearingen and
Kyle Swearingen, Plaintiffs,

v.

Barry J. LONG and Glenda B. Long d/b/a
Colonial Cleaners, Defendants.

No. 92–CV–859.

United States District Court,
N.D. New York.

June 28, 1995.

Mark David Blum, Syracuse, NY, for plaintiffs.

Grossman Kinney Dwyer & Harrigan, Syracuse, NY, for defendants (Ruth Moors D'Eredita, of counsel).

## ORDER

McCURN, Senior District Judge.

### BACKGROUND

On March 28, 1995, the court heard oral argument with respect to several different motions in this case. At that time, the court expressed its concern that although the minor children, Tammi and Kyle Swearingen, are named as plaintiffs, along with their parents, Donald L. and Deborah Swearingen, the complaint in its present form does not contain any allegations specifically pertaining to damages purportedly sustained by those children. Basically, given their status as minors, the court had serious reservations about whether those children had sustained any legally cognizable injuries as to certain of the nine causes of action set forth in the complaint. In response to that inquiry, on April 5, 1995, plaintiffs filed the present motion to amend their complaint pursuant to Fed.R.Civ.P. 15(a).

Plaintiffs' original memorandum submitted in support of that motion is not particularly enlightening. Initially it appeared that the plaintiffs were seeking to amend their complaint to add specific allegations pertaining to the minor children as to each. of the nine causes of action alleged therein. In their amended reply memorandum, plaintiffs have clarified their position somewhat however.[1] It now appears, however, that plaintiffs are only seeking to amend their complaint as to some but not all of the causes of action currently alleged therein. More specifically, as best as the court is able to discern, plaintiffs are seeking amendment as to the trespass, nuisance,[2] and negligence[3] causes of action.

Defendants strongly oppose this motion on both procedural and substantive grounds. Procedurally, defendants contend that this

---

1. Obviously, neither the court nor the defendants would have been forced to speculate as to the scope of the relief plaintiffs are seeking on this motion if they had complied with Local Rule 15.1, in terms of providing a proposed amended complaint and identifying the proposed amendments.

2. In their complaint plaintiffs allege two separate nuisance causes of action—one for private nuisance and the other for public nuisance; but on this motion, plaintiffs did not bother to differentiate between the two. Presumably the minor children are seeking to be included as plaintiffs with respect to both such causes of action.

3. Plaintiffs' motion is similarly confusing with respect to their negligence cause of action. Plaintiffs' fourth cause of action is designated as one "in negligence and for exemplary damages." Complaint at 10. From that language, as well as from other allegations set forth in that cause of action, the court assumes that although plaintiffs did not separately allege causes of action for both negligence and gross negligence, that is what they intend. Plaintiffs' present motion does not clarify matters any in that they seem to use negligence and gross negligence interchangeably, despite the fact that those causes of action differ. *See Cauble v. Mabon Nugent & Co.*, 594 F.Supp. 985, 993 (S.D.N.Y.1984) ("[G]ross negligence is a tort differing from ordinary negligence in kind rather than degree. Gross negligence implies willful or intentional misconduct.").

motion to amend should be denied because plaintiffs failed to attach a copy of the proposed amended complaint as required by Local Rule 15.1 for the Northern District of New York. Plaintiffs also failed to "set forth specifically the amendment proposed to be made to the original pleading and ... [to] identify the amendments in the proposed amendment[,]" as also required by that Rule. *See* L.R. 15.1(b). Substantively, defendants contend that the minor children lack standing to maintain any of the nine causes of action alleged in the complaint. The court will address these arguments in reverse order; that is it will first address the merits and then go on to briefly consider the claimed procedural deficiencies. However, in light of the plaintiffs' amended reply, the court will limit its discussion of the merits to whether plaintiffs may amend their complaint on behalf of the minor children with respect to only causes of action four through seven (negligence (gross and ordinary), private and public nuisance, and trespass).

## DISCUSSION

### I. Governing Legal Standard

"Although Fed.R.Civ.P. 15(a) provides that leave to amend a complaint 'shall be freely given when justice so requires,' ..., it is within the sound discretion of the district court whether to grant or deny leave to amend." *Zahra v. Town of Southold*, 48 F.3d 674, 685 (2d Cir.1995) (citations omitted). "However, 'outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion.'" *Scala v. Sequor Group*, 94 Civ. 0449, 1995 WL 225625, at *5, 1995 U.S.Dist. LEXIS 4969, at *15 (S.D.N.Y. April 14, 1995) (quoting *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962)). "'Undue delay and futility of the amendment, among other factors, are reasons to deny leave.'" *Zahra*, 48 F.3d at 685 (quoting *John Hancock Mut. Life Ins. Co. v. Amerford Int'l Corp.*, 22 F.3d 458, 462 (2d Cir.1994)). In addition, the Second Circuit has also opined that "'perhaps most importantly, the resulting prejudice to the moving party[']'" is also a factor to consider in deciding whether or not to allow an amendment.

*Russell v. Hilton Intl. of Puerto Rico, Inc.*, 93 Civ. 2552, 1995 WL 234886, at 1, 1995 U.S.Dist. LEXIS 5210, at *1 (S.D.N.Y. Apr. 19, 1995) (quoting *Richardson Greenshields Sec., Inc. v. Mui–Hin Lau*, 825 F.2d 647, 653 n. 6 (2d Cir.1987) (quoting in turn *State Teachers Retirement Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir.1981)). Insofar as futility is concerned, "[i]f the proposed claims would be subject to dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court should refuse to grant leave to amend, rather than granting leave and then awaiting a motion to dismiss." *Scala*, at *5, 1995 U.S.Dist. LEXIS 4969, at *15 (citation omitted). With these general principles in mind the court has carefully considered the plaintiffs' motion to amend.

In the present case, the defendants are claiming only that the proposed amendment should not be allowed because it would be futile. Therefore, the court will concentrate on that futility argument before briefly considering the claimed procedural irregularities, including plaintiffs' seeming delay in bringing this motion.

### II. Futility

#### A. Negligence/Gross Negligence

Insofar as plaintiffs' negligence causes of action are concerned, the defendants contend that the minor children have not sustained any damages which were proximately caused by defendants' breach of duty owed to those plaintiffs. Thus, it would be futile to amend the complaint in that regard, because plainly such a showing is essential to recover on a theory of negligence. *See Waldron v. Rotzler*, 862 F.Supp. 763, 772–773 (N.D.N.Y. 1994) (citation omitted) (enumerating four elements essential to a *prima facie* showing of negligence: (1) duty owed by defendant to plaintiff; (2) breach of that duty; (3) injury by plaintiff; and (4) cause of plaintiff's injury was the defendant's breach of that duty). More specifically, the defendants contend that "[t]he risk or probability of sustaining damages is not sufficient to maintain a negligence cause of action in New York State." Defendants' Opposition Memorandum at 6. It is difficult to discern from plaintiffs' amended reply memorandum exactly what

they are arguing in this respect. They appear to be asserting, however, that the minor children should be allowed to explicitly allege negligence causes of action because although they do not manifest any physical injury at this time, due to alleged exposure to tetrachloroethylene (perchloroethylene) ("TCE"), they may in the future. Plaintiffs also seem to be asserting that the minor children should be allowed to amend their complaint as to the negligence causes of action because they have a heightened fear of developing cancer in the future. In that regard, the minor children apparently want to assert a claim to recover for future expenses for medical monitoring. Finally, plaintiffs respond that the injuries to the minor children are not "contingent, speculative or merely possible," and thus they should be allowed to amend their complaint to specifically include negligence claims on behalf of those children. Plaintiff's Amended Reply Memorandum at 4 (citing *Askey v. Occidental Chem. Corp.*, 102 A.D.2d 130, 136, 477 N.Y.S.2d 242, 247 (4th Dep't 1984)).

Acknowledging that "[t]he proof problems are, of course, formidable[,]" the Fourth Department in *Askey* permitted recovery, as consequential damages, of future expenses for medical monitoring resulting from exposure to toxic chemicals which emanated from a landfill. *Id.* The *Askey* court "held that plaintiffs who have been exposed to toxic substances had a claim for injuries not yet present, but restricted the rule to cases where the 'probability of their occurrence [amounted to] a reasonable certainty.'" *Penny v. United Fruit Co.*, 869 F.Supp. 122, 127 (E.D.N.Y.1994) (quoting *Askey*, 477 N.Y.S.2d at 247)). More particularly, the court explicitly stated that "[d]amages for the prospective consequences of a tortious injury are recoverable **only** if the prospective consequences may with **reasonable probability** be expected to flow from the past harm." *Askey*, 477 N.Y.S.2d at 247 (emphasis added). Thus, "[i]f a plaintiff seeks future medical expenses as an element of consequential damage, he must establish with a degree of

reasonable medical certainty through expert testimony that such expenses will be incurred." *Id.* (citation omitted). In a later case Judge Freeman recognized that "'to meet this reasonably certain standard, courts have generally required plaintiffs to prove that it is more likely than not (a greater than 50% chance) that the expected consequences will occur.'" *Penny*, 869 F.Supp. at 127 (quoting *Fusaro v. Porter–Hayden Co.*, 145 Misc.2d 911, 548 N.Y.S.2d 856, 859 (Sup.Ct. N.Y. County 1989) (quoting in turn *Wilson v. Johns–Manville Sales Corp.*, 684 F.2d 111, 119 (D.C.Cir.1982)).

■ Applying the teachings of *Askey* to the present case, plaintiffs cannot be allowed to amend their complaint to include negligence claims, either gross or ordinary, on behalf of the minor children because the present record falls far short of the standards articulated in *Askey*. First of all, the record is ambiguous as to which of the two children allegedly sustained damages purportedly as a result of exposure to TCE. A report clearly labeled "DRAFT," evidently prepared by William R. Sawyer, Ph.D., a toxicologist, submitted by the plaintiffs in conjunction with this motion, refers to "[t]welve year old Kyle Swearingen," and then in that same sentence Sawyer refers to "**her** relatively small body weight ratio." Affirmation of Mark David Blum, exh. 1 thereto at 6 (emphasis added). Earlier in that same document, Dr. Sawyer describes "Kyle Swearingen [as] a 12 year old female, daughter of Mr. and Mrs. Swearingen[.]" *Id.* at 4. It appears to the court that perhaps Dr. Sawyer is confusing Kyle and Tammi Swearingen. The court assumes that Kyle is a male and that Tammi is a female. Thus, presumably Dr. Sawyer intended to refer to Tammi rather than Kyle Swearingen in both of these statements. Irrespective of which child Dr. Sawyer was referring to in that document, there is no specific mention of any injuries sustained, or possible future injuries which will be sustained, by the other Swearingen child.[4] Thus, as to one of the two

---

4. The court is fully aware of Dr. Sawyer's concluding paragraph wherein he states, "All family members have received a significant, irreversible, risk of hematopoietic cancer, liver cancer,

and brain (CNS) cancer attributed to the chronic tetrachloroethylene exposure and metabolite exposure (vinyl chloride) to which they were exposed, or in the case of vinyl chloride, were

minor children, the record is void of any express claims that that child sustained injuries or will sustain injuries as a result of defendants' conduct.

Perhaps more important is the fact that although Dr. Sawyer opines [5] that "it is highly probable that the headaches experienced by Kyle Swearingen were directly related to the well established neurotoxic effects of [TCE] which classically include headaches[,]" he goes on to candidly state, "[a] more definitive work-up of Kyle is indicated by a qualified physician as other potential causes must be ruled out." *Id.* at 7. Certainly this meager record does not support a finding that either of the minor children should be allowed "to recover for apprehended consequences not presently manifest" because there has not been a showing of "such a degree of probability of their occurrence as to amount to a reasonable certainty that they will result[.]" *See Askey,* 477 N.Y.S.2d at 247 (citations omitted). At this juncture, the court can only speculate as to any prospective consequence of the minor children's alleged exposure to TCE, and obviously such speculation cannot form the basis for allowing amendment of the complaint in this regard. In addition, there is no showing that Dr. Sawyer is qualified to render an opinion on this narrow issue "with a degree of reasonable medical certainty," as *Askey* and its progeny require. *See Id.* Consequently, plaintiffs' motion to amend is deficient in that regard as well. *See id.* (citation omitted); *see also Ace v. State of New York,* 207 A.D.2d 813, 616 N.Y.S.2d 640, 641 (2nd Dep't 1994) (claimant's fears of future harm too speculative to support an award of damages for prospective consequences). Moreover, because plaintiffs failed to submit a proposed amended complaint as L.R. 15.1 requires, the

court is unable to determine whether such complaint would allege actual exposure to TCE by the minor children at toxic levels sufficient to state a cause of action upon which relief may be based. *See Jones v. Utilities Painting Corp.,* 198 A.D.2d 268, 268, 603 N.Y.S.2d 546–547 (2nd Dep't 1993) (citations omitted).

Plaintiffs fare no better with their argument that the minor children should be allowed to assert a claim for heightened anxiety due to the possibility of developing cancer at some future time. To support this claim, plaintiffs rely upon *Bossio v. Fiorillo,* 620 N.Y.S.2d 596 (3rd Dep't 1994), but that was a malpractice action wherein the defendant doctor allegedly failed to timely treat plaintiff's breast cancer. Even if recovery under such a theory were viable in a case such as the present one, plaintiffs still would not be entitled to amend their complaint to include such a claim on behalf of the minor children because, once again, the record lacks the requisite medical proof of reasonable certainty in this regard. *See id.* at 598 (citations omitted). In light of the foregoing, the court agrees with defendants that given the current state of the record, due to the lack of viable proof to support damage claims by the children, it would be futile to allow plaintiffs to amend their complaint to specifically include the minor children as plaintiffs with respect to the negligence causes of action. Thus, insofar as plaintiffs' motion seeks such relief, it must be denied.[6]

### B. Trespass

Insofar as plaintiffs are seeking to amend their complaint as to the trespass cause of action, defendants argue that such amendment as to the minor children would

---

presumably exposed." Blum Affirmation, exh. 1 thereto at 7. The court is not inclined to give this catch-all statement much weight at this juncture because the record is not fully developed in terms of how Dr. Sawyer arrived at this conclusion, nor in terms of his qualifications to render such an opinion.

5. It is interesting to note that Dr. Sawyer's report is not provided in the form of a sworn affidavit or affirmation; and indeed plaintiffs' counsel describes it as a "preliminary report," thus suggesting that it is subject to change—both factually

and in terms of the opinions rendered therein. *See* Blum Affirmation at ¶ 7(c).

6. As a last ditch effort to avoid the inevitable, plaintiffs note that the "medical testing of these children is not yet complete." Plaintiffs' Amended Reply Memorandum at 4. That is not a sufficient basis for granting this motion, however, particularly when this action was commenced almost exactly three years ago and there has been ample opportunity for such testing to have been accomplished.

be futile because neither of those children have " 'exclusive legal possession' " of the subject property. Defendants' Memorandum at 9 (quoting *Allied 31st Avenue Corporation v. City of New York*, 27 A.D.2d 948–949, 279 N.Y.S.2d 372, 373 (2nd Dep't 1967)). Plaintiffs counter that because the minor children reside on the subject property they have a "possessory interest," and as such are entitled to pursue a trespass cause of action against these defendants. Plaintiffs' Amended Reply Memorandum at n. 1 (quoting *Allied 31st*, 27 A.D.2d at 949, 279 N.Y.S.2d at 374).

In making this response argument, plaintiffs are improperly equating the fact that the children reside on the subject property with "possessory interest." Clearly, as minors the children are unable to claim a possessory interest in the subject property, as that term is commonly used in the law. Furthermore, " '[u]nder New York law, trespass is the interference with a person's right to possession of real property either by an unlawful act or a lawful act performed in an unlawful manner.' " *Concerned Area Residents v. Southview Farm*, 834 F.Supp. 1410, 1420 (W.D.N.Y.1993) (quoting *New York State Nat'l Org. for Women v. Terry*, 886 F.2d 1339, 1361 (2d Cir.1989)) (emphasis added), *rev'd on other grounds*, 34 F.3d 114 (2d Cir.1994).[7] As is evident from that statement, right to possession of real property is a predicate to the assertion of a trespass claim; and because the Swearingen children are minors, plainly, they do not have, and in fact are unable to have, the necessary right to possession. Thus, plaintiffs' motion to amend their complaint to include a trespass claim on behalf of the minor children also must be denied.

## C. Private Nuisance

█ Defendants maintain that amendment of the complaint to add specific allegations pertaining to the minor children in connection with the private nuisance cause of action also would be futile because, in essence, those children lack standing to assert such a claim because they are not fee title holders to the subject property. Invoking the Fourth Amendment which, *inter alia*, protects the right of citizens to be free from unreasonable searches and seizures by the government,[8] plaintiffs counter that the minor children have standing to assert such a claim.

In the court's opinion, plaintiffs' reliance on Fourth Amendment case law is wholly misplaced. The issue of whether a plaintiff has standing to assert a claim to be free from searches and seizures violative of the Fourth Amendment differs greatly from the issue of whether, under New York law, a minor may pursue a claim of private nuisance against a private citizen. Therefore, the few Fourth Amendment cases cited by the plaintiffs are completely inapposite to the issue now before the court.

On the other hand, the court finds that defendants' position is well taken. In New York, "[t]he essence of a private nuisance is interference with the use and enjoyment of land amounting to an injury in relation to a **right of ownership** in that land." *Turner v. Coppola*, 102 Misc.2d 1043, 424 N.Y.S.2d 864, 866 (Sup.Ct., Nassau Co.1980) (citing, *inter alia*, *Kavanagh v. Barber*, 131 N.Y. 211, 30 N.E. 235 (1892)) (emphasis added).[9] Thus,

---

7. Following a jury verdict in plaintiffs' favor on the Clean Water Act violations and the state law trespass claim, the court granted the defendants' motion for judgment as a matter of law on the Clean Water Act violations, but let stand the verdict and damages award on the trespass cause of action. *Concerned Area Residents for the Env't v. Southview Farm*, 834 F.Supp. 1422 (W.D.N.Y. 1993). Only the Clean Water Act violations were the subject of the later appeal.

8. *Katz v. United States*, 389 U.S. 347, 353, 88 S.Ct. 507, 512, 19 L.Ed.2d 576 (1967).

9. *See also United States v. Hooker Chemicals & Plastics Corp.*, 722 F.Supp. 960, 965 (W.D.N.Y. 1989) (citations omitted) (private nuisance claim

"may be maintained by a person with a legally protected interest in respect to the particular use and enjoyment of the land...."); *Hughes v. City of Auburn*, 161 N.Y. 96, 55 N.E. 389 (1899) (city may be liable to property owner for damages caused by its failure to abide by sanitation laws in constructing or maintaining a sewer system, but no such liability existed as to a member of that property owner's family); and *Daurizio v. Merchants Despatch Transportation Co.*, 152 Misc. 716, 274 N.Y.S. 174 (Sup.Ct., Monroe Co.1934) (nuisance cause of action could not be sustained where the plaintiff neither owned the property nor had any right to possession of any part thereof).

because there are no allegations, and indeed there could be none, that these minor children have a legally protected ownership interest in the subject property, it would be futile to allow the complaint to be amended to include a private nuisance cause of action on their behalf. Accordingly, plaintiffs' motion to amend is denied insofar as they are seeking to add allegations specifically pertaining to the minor children as to the private nuisance cause of action.

### D. Public Nuisance

■ As they argued in connection with plaintiffs' private nuisance claim, defendants contend that the minor children also lack standing to assert a public nuisance claim because they have no "*right* in the property." Defendants' Memorandum at 8 (emphasis in original). As an additional basis for denying plaintiffs' motion to amend as to the public nuisance claim, defendants contend that there has been no showing that the children have sustained special damages—an essential element to a private litigant's claim of this nature. *See N.Y. State Organization For Women v. Terry*, 704 F.Supp. 1247, 1261 (S.D.N.Y.1989) (citation omitted), *mod'd on other grounds*, 886 F.2d 1339 (2d Cir.1989), *cert. denied*, 495 U.S. 947, 110 S.Ct. 2206, 109 L.Ed.2d 532 (1990). It is this latter argument upon which the court will focus.

It is well established in New York that "[t]o support a private action for public nuisance, the complainant must establish special damages of a different kind from that suffered by other persons exercising the same public rights." *Id.* at 1262 n. 19 (internal quotations and citations omitted). Plaintiffs did not even bother to respond to defendants' argument that allegations of such damages are lacking here. Besides the fact that they failed to submit a proposed amended complaint so that they court could examine it to see whether this element was sufficiently alleged, the court is unable to find on the present record even a suggestion that the minor children sustained, or allegedly sustained, damages different from those suffered by others exercising the same public rights. Therefore, this aspect of plaintiffs' motion to amend must be denied as well.

In short, the court finds no basis for allowing plaintiffs to amend their complaint with respect to the minor children as to the negligence, gross negligence, public and private nuisance, and trespass causes of action.

### III. Procedural Irregularities

#### A. L.R. 15.1

■ Before concluding, the court is compelled to comment upon two significant procedural irregularities. The first, as alluded to earlier, is plaintiffs' failure to comply with Local Rule 15.1, requiring submission of a proposed amended complaint and identification of the requested amendments. As should be apparent by now, that rule is not just a procedural nicety, but rather it is intended to provide the court and opposing counsel with all of the information necessary to respond to and decide a Rule 15 motion to amend. Without the proposed amended complaint, the court, as well as the opposing party, are operating at a decided disadvantage in that they are forced to speculate as to the scope of the amendment which a plaintiff is seeking. Although Local Rule 15.1 does not expressly provide for denial of a motion to amend for failure to comply therewith, it would certainly have been well within the court's discretion to have denied this motion without prejudice on that basis.

#### B. Delay

■ The second procedural matter is the timing of this motion. The court is fully cognizant that delay alone is an insufficient basis for denying a motion to amend. *See Richardson Greenshields Securities, supra*, 825 F.2d at 653 n. 6. In the present case, however, the delay in bringing this motion—approximately five and a half months after the motion cutoff date; three years after the commencement of this action; and two and a half months prior to trial—does give the court pause. That delay, combined with the fact, as previously discussed, that the amendments sought would be futile, provide more than ample basis for the denial of plaintiffs' motion in its entirety. *See Zahra, supra*, 48 F.3d at 686 (reasonable for district court to deny request to amend made two and a half years after commencement of the action, and three months prior to trial, and where such

594

request appeared to be futile); *John Hancock, supra,* 22 F.3d at 462 (no abuse of discretion where district court denied motion for leave to amend made four months after deadline for seeking such relief and where the amendment appeared to be futile as well). Thus, the court hereby denies plaintiffs' motion to amend their complaint pursuant to Fed.R.Civ.P. 15(a).

The court reminds counsel that in accordance with the court's pre-trial order of April 10, 1995, this case is scheduled for trial on August 22, 1995, and, in accordance with that order, all pre-trial submissions must be filed and served no later than July 10, 1995.

IT IS SO ORDERED.