Burke, J.
The sole issue presented by this appeal is whether—construing these pleadings in a light most favorable to plaintiff and accepting for the moment these allegations as true—plaintiff has set forth facts sufficient to constitute a cause of action. In our opinion, a cause of action, though inartful in its presentation, has been pleaded. Plaintiff, asserting that his actions were those of an agent performed at the request of his principal, is entitled to seek recovery from his principal to the extent that he has been damaged.
In the Spring of 1961, Martin B. Steinthal and Augustus J. Steinthal, owners of all the outstanding stock of M. Steinthal & Co., Inc. and Port Chester Manufacturing Corp., entered into negotiations with the defendant Lionel for the sale of their Port Chester stock and the assets of the Government Products Division of M. Steinthal, in exchange for 123,000 shares of *561 Lionel stock. During the course of the negotiations, the Steinthals informed defendant that, upon completion of the transaction, tax liabilities and other commitments would require them to have approximately $800,000 in cash to satisfy their outstanding obligations. Accordingly, Lionel was requested to register 30,500 shares of stock (having a market value roughly of $800,000) pursuant to the requirements of the Securities Act of 1933 so that these shares could thereafter be sold either publicly or privately by the Steinthals. At this point, it did not appear that the parties would have any difficulty in reaching a final agreement. Indeed, Lionel was so enthusiastic over the progress of these negotiations that it sought and received the authorization of its board of directors to complete the acquisition. On June 12,1961 the directors of Lionel approved a transaction based on the terms outlined above and, in addition, passed a resolution authorizing “ the proper officers of the corporation * * * to do or cause to be done any and all such acts and things * * * necessary or appropriate to carry into effect the full intent and purpose of” the proposed acquisition.
Shortly thereafter, the Steinthals imposed as a further condition that they be furnished with a guarantee that, upon the sale of these 30,500 shares of registered stock, they would in fact realize the sum of $800,000. Obviously, they wanted to insure their ability to satisfy the commitments they would incur upon completion of the contract. Lionel refused to issue such a guarantee. Thus, an impasse was reached.
While it is not pertinent to this appeal, it appears from plaintiff’s pleading that the defendant refused to issue such a guarantee solely because it would impose increased tax liability on them by jeopardizing the accounting procedure otherwise available when evaluating this transaction. In any event, it was at this juncture that the defendant approached Cohn and suggested that he provide the guarantee required by the Steinthals. Describing his actions as those of a dutiful servant, his complaint alleges that “At the special insistence and request of the defendant’s management and counsel and under the general authority of his offices * * * acting as a director, officer, employee and agent, and in the interest of the defendant and with defendant’s knowledge [I] entered into *562 the Guaranty Agreement in order to make possible an acquisition already approved by defendant’s board of directors.”
The Steinthals thereafter executed two contracts with Lionel, concluding the transactions described above. A subsequent decline in the market value of Lionel shares caused the Steinthals to enforce the guarantee against Cohn. On July 9, 1965 this court affirmed a judgment in their favor in the amount of $631,932.85 (16 N Y 2d 767). Plaintiff Cohn commenced the present action against Lionel for indemnification from this liability incurred as a result of his guarantee agreement. Thus far, he has merely served Lionel with a summons and complaint. They, in turn, did not answer it, but moved instead to dismiss his three causes of action (each seeking indemnification under a different theory) pursuant to CPLR 3211 (subd. [a], par. 7) for legal insufficiency. The motion was granted at Special Term, and affirmed by the Appellate Division, with one Justice dissenting.
We are presently concerned solely with the legal sufficiency of plaintiff’s complaint. Upon such an analysis, a pleading is deemed to allege whatever can be implied from its statements by fair intendment. (Kober v. Kober, 16 N Y 2d 191, 193.) Indeed, the mandate of CPLR 3026—pleadings shall be liberally construed—is particularly applicable here. For purposes of such a motion, the allegations are assumed to be true (Denihan Enterprises v. O’Dwyer, 302 N. Y. 451, 458), and the entire complaint is to be considered (Howard Stores Corp. v. Pope, 1 N Y 2d 110, 114). The question then is whether there can be fairly gathered from all the averments the requisite allegations of a valid cause of action, cognizable by the courts of this State. (Dulberg v. Mock, 1 N Y 2d 54, 56.) Since this determination is made on pleadings alone, whether or not plaintiff will be able to establish his allegations by competent evidence is not a pertinent consideration. (Kober v. Kober, supra, p. 194.)
To state the applicable rules of construction, it seems to us, is sufficient to dispose of this appeal. Without setting forth in detail the allegations of plaintiff’s complaint, it is enough to note that, in his third cause of action, Cohn unequivocally asserts that he executed the guarantee agreement as an agent for Lionel. ‘‘ The general rule is that, where one is employed *563 or directed, by another to do ¡an act in Ms behalf, not manifestly wrong, the law implies a promise of indemnity by the principal for damages resulting from or expenditures incurred as a proximate consequence of the good faith execution of the agency ” (3 C. J. S., Agency, § 197; see, also, Brown, v. Rosenbaum, 287 N. Y. 510). Since Cohn has pleaded a cause of action for indemnity resulting from this agency, he is entitled to have that portion of his pleading sustained. This was the position adopted by the dissenting Justice in the Appellate Division.
In passing, it is to be noted that the mere fact that plaintiff’s act was intended to assist Lionel to maintain a favorable tax advantage as a result of the acquisition does not. prima facie establish that he participated in an illegal act (Woolley Equip. Co. v. United States, 268 F. Supp. 358, 364.) Also, while his third cause of action (which we now sustain) contradicts the underlying theory of his first cause of action—i.e., that he performed the act as an officer of the corporation within the meaning of the corporate by-laws as they relate to indemnification—this does not provide a basis for dismissing the tMrd cause of action. Undeniably, a plaintiff is entitled to advance inconsistent theories in alleging a right to recovery.
Accordingly, the order appealed from should be reversed and the judgment should be modified so as to reinstate the third cause of action in the complaint, with costs.
Chief Judge Fuld and Judges Scileppi, Bergan and Keating concur with Judge Burke; Judges Breitel and Jasen dissent and vote to affirm on the memorandum of the Appellate Division.
Order modified by reinstating the third cause of action, and, as so modified, affirmed, with costs in all courts.