■ FRANCES S. FRIEDMAN, Appellant, v HOWARD J. FRIEDMAN et al., Respondents.—Order, Supreme Court, New York County (Elliott Wilk, J.), entered on or about March 4, 1987, which granted defendants-respondents' motion to dismiss the complaint pursuant to CPLR 3211 (a) (7), unanimously reversed, on the law, the motion denied, and the complaint reinstated, without costs.

In determining a motion to dismiss for failure to state a cause of action, the court must liberally construe the pleadings most favorably to the plaintiff (Cohn v Lionel Corp., 21 NY2d 559, 562), and examine whether the plaintiff has a cause of action, not simply whether one has been properly stated. (Rovello v Orofino Realty Co., 40 NY2d 633, 636.)

Applying these standards to the within complaint, we are satisfied that a cause of action for fraud is sufficiently stated.

Concur—Milonas, J. P., Kassal, Rosenberger, Wallach and Smith, JJ.