■ BARRY S. GEDAN, Appellant, v HOME INSURANCE COMPANY et al., Respondents.—Appeal by the plaintiff (1) as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Gurahian, J.), entered May 4, 1987, as granted the defendants' cross motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint, and (2) an order of the same court entered May 4, 1987, which granted the defendants' motion pursuant to CPLR 3211 (a) (1) and (7) to dismiss the amended complaint.

Ordered that the appeal from the order entered May 4, 1987, dismissing the complaint, is dismissed as academic, without costs or disbursements; and it is further,

Ordered that the order entered May 4, 1987, dismissing the amended complaint, is reversed, on the law, with costs, the defendants' motion to dismiss the amended complaint is denied; and the defendants' time to answer the amended complaint is extended to 20 days after service upon them of a copy of this decision and order with notice of entry.

As a result of the defendant insurer's refusal to renew plaintiff's professional liability coverage, the plaintiff commenced an action against the defendants for the alleged wrongful nonrenewal of his insurance policy. While the defendants' cross motion to dismiss this complaint was pending, the plaintiff served the defendants with an amended complaint which contained four causes of action: for a declaratory judgment and an injunction; for wrongful termination-breach of an insurance contract; for breach of a broker-administrator's obligations; and for negligent claim handling, respectively. The defendants moved to dismiss this amended complaint on the ground, *inter alia,* that it failed to state a cause of action.

The defendants' motion pursuant to CPLR 3211 (a) (7) to dismiss the amended complaint for legal insufficiency was addressed to the complaint as a whole and not to each of the

four causes of action. Having found a valid cause of action in the plaintiff's request for declaratory relief, we need not review the sufficiency of the remaining causes of action *(De Maria v Josephs,* 41 AD2d 655). The defendants' motion to dismiss the amended complaint is defeated upon the finding of one sufficient cause of action *(Martirano Constr. Corp. v Briar Contr. Corp.,* 104 AD2d 1028, 1029-1030).

We have considered the defendants' remaining contentions and find them to be without merit.

Finally, we note that the appeal from the order dismissing the complaint has been dismissed as academic in light of the determination on the appeal from the order regarding the amended complaint. Kunzeman, J. P., Weinstein, Kooper and Balletta, JJ., concur.