■ MOSES ELIAS, Respondent, v EMMERICH HANDLER et al., Appellants.—In an action, inter alia, to rescind the sale of an interest in a limited partnership on the basis of fraud, the defendants appeal from an order of the Supreme Court, Kings County (Hurowitz, J.), entered June 8, 1988, which denied their motion to dismiss the complaint, inter alia, for failure to state a cause of action.

Ordered that the order is affirmed, with costs.

The plaintiff Moses Elias and the defendant Emmerich Handler entered into a written agreement to buy certain premises known as 26 Court Street, Brooklyn, New York, sometime in December 1982. They were each to provide a portion of the down payment, with the plaintiff loaning $120,000 to Handler for his share of the down payment as per their agreement. The deal was consummated and sometime thereafter, the plaintiff allegedly sold his limited partnership interest in the realty venture to Handler. Claiming that he was induced to sell his interest at a depressed price by Handler's fraud, the plaintiff commenced this action, seeking, among other things, to rescind the sale of his interest. The

defendants moved to dismiss the complaint, *inter alia,* for failure to state a cause of action.

For purposes of a motion to dismiss a complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action, the plaintiff's allegations are deemed to be true and the pleadings are liberally construed *(see, Lynch v Bay Ridge Obstetrical & Gynecological Assocs.,* 72 NY2d 632, 636; *Cohn v Lionel Corp.,* 21 NY2d 559, 562). In accordance with this court's decision in *Brown v Lockwood* (76 AD2d 721), we find that the necessary elements of a fraud cause of action have been set forth in the complaint herein. Specifically, as to the claim of actual fraud, it was alleged that Handler had made a material misrepresentation to the plaintiff that his interest in the premises could be sold for a certain price. In fact, Handler had received higher offers for that interest, but allegedly made the representation to persuade the plaintiff to sell his interest. The plaintiff alleged that he relied upon Handler's representation because he did not know at the time that there were higher offers; and, as a result, he suffered injury by not realizing the true potential on his investment *(see, Brown v Lockwood, supra,* at 730). In the alternative, it was alleged that even if Handler had not known of the higher offers, Handler was in a fiduciary relationship with the plaintiff and because of that relationship, the plaintiff relied on Handler's representations to his detriment, thereby giving rise to a claim of constructive fraud *(see, Brown v Lockwood, supra,* at 730-731).

The defendants' motion to dismiss, *inter alia,* for failure to state a cause of action "was addressed to the complaint as a whole, and not to each of the [particular] causes of action. Having found a valid cause of action [based upon fraud], we need not review the sufficiency of the remaining causes of action" and the defendants' motion to dismiss on this ground was properly denied *(Gedan v Home Ins. Co.,* 144 AD2d 338; *Martirano Constr. Corp. v Briar Contr. Corp.,* 104 AD2d 1028, 1029-1030).

We find the defendants' remaining contentions to be without merit. Mangano, J. P., Lawrence, Kooper and Balletta, JJ., concur.