■ WL Ross & Co. LLC et al., Respondents, v David H. Storper, Appellant. [67 NYS3d 169]—

Order, Supreme Court, New York County (Jeffrey K. Oing, J.), entered July 7, 2016, which, to the extent appealed from as limited by the briefs, denied so much of defendant's motion to dismiss the complaint, pursuant to CPLR 3211 (a) (1) and (7), as sought dismissal of plaintiffs' first and second causes of action, unanimously affirmed, without costs.

Plaintiffs' pleaded viable causes of action against defendant for breach of the non-compete provisions in the agreements (LLC agreements) at issue. The LLC agreements governed an employee's participation in general partnership investment entities (GP Entities) which were affiliated with defendant's former employer (plaintiff WL Ross & Co. LLC, hereinafter WL

Ross) but were distinct from its operations and terms of employment. The challenged non-compete terms in the LLC agreements precluded defendant from receiving carried interest from the GP Entities if he obtained subsequent employment with a business that competed with the business of the GP Entities and/or if he formed an entity that competed with the business of the GP Entities.

The complaint's allegations support the claims that defendant violated the non-compete provisions of the LLC agreements. The parties' Letter Agreement and Separation Agreement, executed near the time of defendant's departure from WL Ross, explicitly excepted the provisions of the LLC agreements from the release WL Ross granted defendant from his employment contract terms that precluded him from seeking employment with a competitor. The agreements at issue are unambiguous and should be enforced according to their terms (*see generally W.W.W. Assoc. v Giancontieri*, 77 NY2d 157, 163 [1990]).

Defendant's argument, that WL Ross waived its rights to enforce the non-compete provisions in the LLC agreements on the basis of WL Ross emails that congratulated defendant for finding new employment with a competitor financial institution and for founding a competitive entity business, is unavailing. WL Ross alleges in its complaint that it believed defendant had become a retired member of the GP Entities and effectively abandoned his controlling member interest in said funds because the governing terms of the GP Entities precluded participation if defendant gained employment with a business competitor, or formed an entity that competed with the GP Entities business. Moreover, defendant's conduct, in not asserting any rights or interest in the carried interest generated by the GP Entities for two years post-separation from WL Ross, tended to substantiate WL Ross' understanding that defendant was a retired member of the GP Entities. As such, the emails that defendant relies upon as conclusively establishing that WL Ross, by its statements, had waived any rights to assert reliance upon the non-compete provisions in the LLC agreements, are unavailing. It cannot be said that, on this record, WL Ross intentionally relinquished its rights under the terms of the LLC agreements as a matter of law (*see generally Bantum v New Castle County Vo-Tech Educ. Assn.*, 21 A3d 44, 50 [Del 2011]).

Defendant argues that WL Ross should be equitably estopped from alleging in the complaint that he was a controlling member of the GP Entities (in order to enforce the non-compete

provisions under the LLC agreements), since WL Ross asserted in an earlier Delaware proceeding that he was a retired member of the GP Entities and the instant complaint also describes defendant as a retired member of the GP Entities. This argument is unavailing. WL Ross can properly plead alternative arguments, as well as take hypothetical or inconsistent positions in asserting its claims (*see* CPLR 3014; *Cohn v Lionel Corp.*, 21 NY2d 559, 563 [1968]).

The non-compete provisions of the LLC agreements that govern participation in the carried interest distribution from the GP Entities did not preclude defendant's further employment in other competing entities, and only dictated the terms by which participation in the GP Entities could continue. The challenged non-compete provisions therefore are not overbroad.

We have considered defendant's remaining arguments and find them unavailing. Concur—Friedman, J.P., Kahn, Gesmer, Kern and Moulton, JJ.