■ RANDALL R. SCHRAM, Individually and as Administrator of the Estate of JONATHAN R. SCHRAM, Deceased, Appellant, v HERKIMER MEMORIAL HOSPITAL et al., Respondents.—Kane, J.

Appeal from an order of the Supreme Court at Special Term (Mercure, J.), entered March 7, 1985 in Montgomery County, which granted defendants' motion for partial summary judgment dismissing the third cause of action alleged in the complaint.

On November 29, 1983, Deborah Schram was under the care of defendant Elyas Bonrouhi, an obstetrician, who had admitted her to defendant Herkimer Memorial Hospital for delivery of her child. After receiving certain drugs to alleviate pain and induce labor, she was left in a delivery room with only her husband, plaintiff, in attendance. When she began to give birth to Jonathan Randall Schram, plaintiff attempted to assist in the delivery process, since there were no medical personnel present. The baby was born with the umbilical cord wrapped around his neck, causing him to suffer from lack of oxygen. The child's struggle to breathe was witnessed by plaintiff, the only person present to deliver the baby. Jonathan Randall Schram died the following day.

In the third cause of action in this complaint alleging negligence and malpractice, plaintiff seeks damages for alleged severe emotional distress he suffered in watching his son's birth in a fashion which caused the infant's untimely death. Special Term granted defendants' motion for partial summary judgment dismissing this third cause of action and we affirm.

In order for plaintiff to prevail, there must be a showing that defendants' negligence exposed plaintiff to an unreasonable risk of bodily injury or death, contemporaneously with the observation of serious injury or death of a member of his immediate family; i.e., he must be within the "zone of danger" *(Johnson v Jamaica Hosp.,* 62 NY2d 523; *Bovsun v Sanperi,* 61 NY2d 219). Plaintiff was not under the care of defendants and was not in any danger of suffering physical injury, nor has he alleged that he suffered physical injuries. Accordingly, the dismissal of the third cause of action was proper.

Order affirmed, with costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.