■ Thomas E. Haffner, Respondent, v State of New York, Respondent.—In a negligence claim to recover damages for personal injuries, the defendant appeals from an interlocutory judgment of the Court of Claims (Benza, J.), dated December 28, 1984, which, after a nonjury trial, is in favor of the claimant and against the defendant on the issue of liability, as is limited and delineated in a decision dated December 11, 1984.

Interlocutory judgment affirmed, with costs.

The evidence was sufficient to establish that the conduct of the defendant's employees, in failing to render timely aid to the claimant, who was swimming in the ocean at Jones Beach, was a substantial causative factor in the sequence of events leading to his lung injuries *(see,* Restatement [Second] of Torts § 430; Prosser and Keeton, Torts § 42, at 272-280 [5th ed]; *Nallan v Helmsley-Spear, Inc.,* 50 NY2d 507, 520). Accordingly, the Court of Claims did not err in concluding that the injuries sustained by the claimant were proximately caused by the negligence of the defendant.

We have reviewed the defendant's remaining contentions and find them to be without merit. Weinstein, J. P., Niehoff, Kunzeman and Spatt, JJ., concur.