OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, with costs, and the case remitted to the Appellate Division, Second Department, for consideration of the facts and other issues not reached on the appeal to that court.
While plaintiff Carmen Martinez was in the first trimester of her pregnancy she was referred to defendants for genetic counseling to determine whether medication taken in a supposedly improper dosage during the first month of her pregnancy would have any effect on the fetus. Defendants negligently advised Carmen Martinez that her baby would be born with the congenital birth defect of microcephaly (small brain) *699 or anencephaly (no brain). Based on this advice she submitted to an abortion believing that it would be justified under the extraordinary circumstances presented to her by defendants. After the abortion was performed, she learned that the advice defendants gave her was erroneous and the abortion was unnecessary.
At trial both Mrs. Martinez and her psychologist testified that to Mrs. Martinez, abortion, except under exceptional circumstances when it could be justified, is a sin; that Mrs. Martinez agreed to submit to the abortion because she was led to believe it was necessary under the circumstances represented to her; that if such circumstances had existed, she could have accepted the fact of the abortion and the resultant death of the fetus as justified; that when she discovered that the assumed extraordinary circumstances did not exist, Mrs. Martinez suffered mental anguish and depression from her awareness that, as a result of defendants’ negligence, she had needlessly committed an act in violation of her deep-seated convictions.
Plaintiff does not seek to recover for consequential emotional harm caused by observing or learning of injury or death to a third person as did the plaintiffs in Tebbutt v Virostek (65 NY2d 931), Kennedy v McKesson Co. (58 NY2d 500), Becker v Schwartz (46 NY2d 401), Vaccaro v Squibb Corp. (52 NY2d 809), Howard v Lecher (42 NY2d 109) and Tobin v Grossman (24 NY2d 609). On the contrary, her mental anguish and depression are the direct result of defendants’ breach of a duty owed directly to her in giving her erroneous advice on which she affirmatively acted in deciding to have the abortion. The emotional distress for which she seeks recovery does not derive from what happened to the fetus; it derives from the psychological injury directly caused by her agreeing to an act which, as the jury found, was contrary to her firmly held beliefs. Defendants’ breach of duty was the precipitating and proximate cause of that injury.
In Tebbutt v Virostek (supra), Kennedy v McKesson Co. (supra) and Vaccaro v Squibb Corp. (supra), third persons, not plaintiffs, were directly injured as a result of the defendants’ breach of duty. Here, in contrast, the injury to the claimed third person, the fetus, was only an indirect, albeit intended, result of the breach of defendant’s duty owed to Mrs. Martinez. Under these unusual circumstances, where there is a breach of a duty owed by defendant to plaintiff, the breach of that duty resulting directly in emotional harm is actionable.