◼ CARMEN MARTINEZ et al., Respondents, v LONG ISLAND JEWISH-HILLSIDE MEDICAL CENTER et al., Appellants, et al., Defendant.—In a medical malpractice action to recover damages for personal injuries, etc., the defendants Long Island Jewish-Hillside Medical Center, Ernest Lieber and Morris Rabinowitz appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Nassau County (McGinity, J.), dated May 16, 1984, as, upon a jury verdict, and upon a stipulation reducing the amount of that verdict, is in favor of the plaintiff Carmen Martinez and against them in the principal sum of $125,000, and in favor of the plaintiff Arthur Martinez and against them in the principal sum of $25,000. By order dated July 14, 1986, this court reversed the judgment insofar as appealed from, and dismissed the complaint insofar as it was asserted against the appellants *(Martinez v Long Is. Jewish Hillside Med. Center,* 122 AD2d 122). By order dated June 9, 1987, the Court of Appeals reversed the order of this court, and remitted the case here for consideration of the facts and those issues not reached upon the appeal to this court *(Martinez v Long Is. Jewish Hillside Med. Center,* 70 NY2d 697).

Justice Mangano has been substituted for the late Justice Gibbons *(see,* 22 NYCRR 670.2 [c]).

Ordered that upon remittitur, the judgment is affirmed insofar as appealed from, without costs or disbursements.

The evidence adduced at the trial was sufficient to permit the jury to infer that the plaintiff Carmen Martinez had a firmly held belief that abortion was immoral. The evidence also establishes that the appellants, by their negligence, induced Ms. Martinez to undergo an abortion, and thus commit an act which was contrary to her firmly held belief. We therefore conclude that, as a matter of fact, the plaintiffs sufficiently proved their cause of action, as that cause of action was defined by the Court of Appeals in its decision in this case. We have examined the appellants' remaining contentions and find them to be without merit. Finally, we agree with the trial court that the jury's verdict as to damages was excessive, and therefore, we decline to reinstate it *(see,* CPLR 5501 [a] [5]). Mangano, J. P., Bracken, Lawrence and Kunzeman, JJ., concur.