OPINION OF THE COURT
Hancock, Jr., J.
Plaintiffs appeal from an order dismissing their malpractice complaint for failure to state a cause of action (CPLR 3211 [a] [7]). In her complaint and supporting papers (see, CPLR 3211 [c]), plaintiff* alleges that she consulted defendant Rubino, her gynecologist, because she had not had a menstrual period for over three months and her "home pregnancy tests” were negative. After a visual examination and with no blood or urine analysis, defendant informed her that she was not pregnant. Without explaining any of the attendant risks, he prescribed the hormonal drug Provera. When plaintiff had the prescription filled, she became aware — from the warning on the label and advice given by the pharmacist — that the drug was known to pose a serious risk of producing congenital defects in the child if ingested during early pregnancy. Relying on Rubino’s advice that she was not pregnant, plaintiff took the drug as prescribed. When menstruation did not occur, she consulted another gynecologist who ascertained from laboratory tests that she was indeed pregnant and cautioned her about the drug’s potentially harmful effects on a fetus in early stages. Fearing that these harmful effects had occurred, plain *635 tiff and her husband elected to have the pregnancy terminated.
Plaintiff alleges that defendants’ negligence forced her either to risk having a congenitally defective child or to submit to an abortion in violation of her "personal, moral and religious convictions”. She seeks damages for her physical, psychological, and emotional injuries resulting from the abortion and from having to decide whether to undergo it.
The courts below — citing Tebbutt v Virostek (65 NY2d 931), Bovsun v Sanperi (61 NY2d 219) and Vaccaro v Squibb Corp. (52 NY2d 809) — viewed the case as involving an injury to the fetus for which plaintiffs could not recover emotional or psychological damages. Additionally, the Appellate Division held that Rubino’s conduct could not have been the proximate cause of the injuries stemming from the abortion. Unlike plaintiffs in Martinez v Long Is. Jewish Hillside Med. Center (70 NY2d 697), the court reasoned, plaintiffs here acted "on their own, without the affirmative advice of the defendants, [and] thereupon took the final step of procuring an abortion” (134 AD2d 240, 242). We now modify.
The complaint and affidavits sufficiently define a cause of action in malpractice for the physical and emotional injuries suffered by plaintiff as a result of defendants’ negligence in rendering medical services to plaintiff, and, thereby, breaching their duty of care owed directly to her. Contrary to defendants’ contentions, plaintiff is not seeking to recover for emotional distress resulting from injuries inflicted on the fetus (cf., Tebbutt v Virostek, 65 NY2d 931, supra; Vaccaro v Squibb Corp., 52 NY2d 809, supra). The breach of duty claimed by plaintiff is Rubino’s failure to perform a pregnancy test before advising her that she was not pregnant and before prescribing a drug with potentially harmful side effects if taken during early pregnancy. Indeed, according to her pleading she was the patient and she was the one injured by the negligent diagnosis and prescription. It is the erroneous advice that she was not pregnant — not an injury to a third person as in Tebbutt or Vaccaro or Bovsun — which, plaintiff asserts, led to the actions directly causing her injuries: her ingestion of the dangerous drug and her decision to terminate the pregnancy to avoid the drug’s harmful effects. Reduced to its essentials, the case presents a malpractice action based on medical advice which put plaintiff in the position of having to make decisions and take actions which caused her physical and emotional *636 injuries. That these decisions and actions involved an abortion does not, as defendants suggest, require us to regard the case as something it is not — i.e., an effort by plaintiff to assert a claim for damages on behalf of her unborn child for injuries done to it (see, Endresz v Friedberg, 24 NY2d 478) or a claim for damages based on plaintiff’s emotional and psychological stress in witnessing and knowing of the injury to the fetus and its loss (see, Tebbutt v Virostek, supra).
In addressing defendants’ contention that the claimed negligence could not, as a matter of law, be the proximate cause of the injuries incident to the abortion, we must, of course, assume the truth of the allegations in the complaint and supporting affidavits (Cohn v Lionel Corp., 21 NY2d 559, 562). Ordinarily, plaintiff’s allegations that the injury was a consequence of her physician’s negligent advice would be sufficient to create a question of fact for the jury (see, Derdiarian v Felix Contr. Corp., 51 NY2d 308, 315; Sewar v Gagliardi Bros. Serv., 69 AD2d 281, 289 [Simons, J.], affd 51 NY2d 752). Defendants argue, however, that this case presents an exception to the rule because plaintiff did not submit to the abortion on the advice of her physician, as in Martinez, but made the choice to proceed on her own. The independence of plaintiff’s decision, defendants contend, elevates her choice to a superseding cause which absolves them from liability. We disagree.
We have recognized that an intervening act which is "not foreseeable in the normal course of events, or independent of or far removed from the defendant’s conduct * * * may well be a superseding act which breaks the causal nexus (see, e.g., Martinez v Lazaroff, 48 NY2d 819, 820; Ventricelli v Kinney System Rent A Car, 45 NY2d 950, 952, supra; Rivera v City of New York, 11 NY2d 856)” (Derdiarian v Felix Contr. Corp., 51 NY2d 308, 315; see, Prosser and Keeton, Torts § 44, at 303-316 [5th ed]). But we have cautioned that whether an act is foreseeable and the course of events normal are questions which are generally subject to varying inferences presenting issues for the fact finder to resolve (Derdiarian v Felix Contr. Corp., supra, at 315). There is, we conclude, a factual question presented here: whether, under the circumstances, it could reasonably be expected that plaintiff, upon discovering that she had taken the drug in the mistaken belief that she was not pregnant, would elect to undergo an abortion.
Moreover, the general rule is that an intervening act which is a normal consequence of the situation created by a defen *637 dant cannot constitute a superseding cause absolving the defendant from liability (see, Restatement [Second] of Torts § 443). Thus, a reasonable attempt to avoid the danger created by a defendant’s conduct — an action that should certainly be considered a "normal consequence” of that conduct — cannot amount to a superseding act which breaks the chain of causation (see, Prosser and Keeton, Torts § 44, at 307-308 [5th ed]; Restatement [Second] of Torts § 445). Applying these rules here and assuming the truth of the allegations in the complaint, it is apparent that plaintiffs "choice” to have an abortion cannot be said to be, as a matter of law, a superseding cause. As the complaint alleges, the physician’s negligent diagnosis and treatment were the precipitating causes of all that followed; but for the gynecologist’s conduct, plaintiff would not have been in the position of having to choose between two objectionable alternatives: undergo an abortion or risk having a baby with serious birth defects. That plaintiff made the very choice forced upon her by defendants’ negligence cannot insulate them from legal responsibility for such conduct.
We conclude, however, that plaintiffs cross motion for partial summary judgment was properly denied. The order of the Appellate Division should be modified, with costs to appellants, by denying defendants’ motion to dismiss and, as so modified, affirmed.

 Unless otherwise indicated, "plaintiff” will refer to Jacqueline Lynch. Coplaintiff William Lynch asserts a derivative cause of action as her husband.