■ HOWARD P. REED, Individually and as Administrator of the Estate of MARTHA REED, Deceased, Appellant, v CIOFFI, SEFTEL & SONI, P. C., et al., Respondents.—Kane, J. P. Appeal from an order of the Supreme Court (Lynch, J.), entered October 13, 1988 in Schenectady County, which granted defendants' motion. to dismiss the third cause of action in the complaint.

Plaintiff commenced this malpractice action seeking damages for the wrongful death of his wife (hereinafter decedent) and for the emotional distress he sustained as a result of his observations of the direct injury suffered by decedent. In April 1986, decedent was pregnant and under the medical care of defendants, who are specialists in obstetrics and gynecology.

In late June 1986, decedent contacted one of defendants and complained of severe pain, nausea, blurred vision and body aches. Allegedly, she was told to take a glass of milk and call back in the morning. Some time that evening, her condition worsened to the point where plaintiff discovered her convulsing with seizures. He thereupon called an ambulance and removed her to the hospital, where he remained at decedent's side throughout her treatment that night and observed the tragic stillbirth of his daughter and decedent's subsequent death the following day. In this ensuing litigation, defendants' motion to dismiss the third cause of action seeking damages for emotional distress was granted upon the ground that it failed to state a cause of action (see, CPLR 3211 [a] [7]). This appeal followed.

We affirm. However compelling are the tragic circumstances of this case, we are constrained to follow well-established case law in this area. We acknowledge that the Court of Appeals has recognized "the right of a plaintiff to whom the defendant has owed but breached a duty of reasonable care" to recover for emotional distress "caused by contemporaneous observation of injury or death of a member of the immediate family caused by the same conduct of the defendant" (Bovsun v Sanperi, 61 NY2d 219, 233). However, here plaintiff's complaint has failed to establish the existence of a duty directly owed by defendants to him individually (see, Tebbutt v Virostek, 65 NY2d 931, 932). The complaint also fails to sufficiently show that defendants' alleged negligence exposed plaintiff to unreasonable risk of physical injury such that he was within the "zone of danger" contemplated by Bovsun (see, Bovsun v Sanperi, supra; Schram v Herkimer Mem. Hosp., 115 AD2d 882, 883). Plaintiff was not under the medical treatment of defendants nor was he ever placed in physical danger by any alleged negligence on their part (see, Schram v Herkimer Mem. Hosp., supra). Given the insufficiency of the complaint, the third cause of action for emotional distress was properly dismissed.

Order affirmed, without costs. Kane, J. P., Casey, Yesawich, Jr., and Mercure, JJ., concur.