■ MARY LANCELLOTTI et al., Respondents, v JAMES C.

HOWARD et al., Appellants.—In a medical malpractice action to recover damages for personal injuries, etc., the defendants appeal from so much of an order of the Supreme Court, Westchester County (Wood, J.), entered February 26, 1988, as denied that branch of their motion which was for summary judgment dismissing the plaintiff's first cause of action.

Ordered that the order is modified, on the law, by deleting the provision thereof which denied so much of that branch of the defendants' motion for summary judgment as was to dismiss so much of the first cause of action as was to recover damages for psychic and emotional injuries, and substituting therefor a provision granting that relief and dismissing so much of the first cause of action as sought recovery of damages for psychic and emotional injuries; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

As set forth in the amended complaint and bill of particulars, the plaintiff Mary Lancellotti suffered severe immediate and continuing emotional and psychic injuries as a result of the defendant physician's negligent misdiagnosis and treatment. The defendant Dr. James C. Howard had erroneously advised the plaintiff that she was pregnant and continued to treat her for that condition over a period of nearly seven months.

Even assuming the truth of the allegations in the amended complaint and supporting affidavits *(see, Lynch v Bay Ridge Obstetrical & Gynecological Assocs.,* 72 NY2d 632, 636; *Cohn v Lionel Corp.,* 21 NY2d 559, 562), we find that while the plaintiff may recover damages for any pecuniary loss suffered as a result of the defendants' negligence, she has no legally cognizable cause of action against the defendants to recover for psychic harm resulting from the defendants' misdiagnosis and treatment.

While we are aware that physical injury is no longer a necessary component of a cause of action to recover damages for the negligent infliction of emotional distress *(see, e.g., Kennedy v McKesson Co.,* 58 NY2d 500, 504; *Johnson v State of New York,* 37 NY2d 378; *Battalla v State of New York,* 10 NY2d 237, 238-239), the courts of this State have yet to recognize a cause of action as broad as that asserted by the plaintiff. The circumstances under which recovery may be had for purely emotional harm are extremely limited and, thus, a cause of action seeking such recovery must generally be premised upon a breach of a duty owed directly to the plaintiff which either endangered the plaintiff's physical safety or

caused the plaintiff fear for his or her own physical safety *(see, e.g., Bovsun v Sanperi,* 61 NY2d 219, 229; *Battalla v State of New York, supra; Green v Leibowitz,* 118 AD2d 756, 757). On this basis, the instant case does not come within the ambit of the rulings in either *Martinez v Long Is. Jewish Hillside Med. Center* (70 NY2d 697) or *Lynch v Bay Ridge Obstetrical & Gynecological Assocs.* (72 NY2d 632, *supra).* In both *Martinez (supra)* and *Lynch (supra),* the individual plaintiffs had suffered some form of physical trauma, however minimal, stemming from the defendants' negligence. Conversely, at bar, the plaintiff is seeking to recover solely for emotional harm unaccompanied by any form of physical trauma. Accordingly, we cannot recognize such a cause of action under the circumstances of this case. Mangano, J. P., Thompson, Bracken and Rosenblatt, JJ., concur.