■ SANDRA GOODMAN, Respondent, v PAUL KARLIN et al., Respondents, and FLUSHING HOSPITAL AND MEDICAL CENTER, Appellant.—In an action, *inter alia,* to recover damages for the negligent infliction of emotional distress, the defendant Flushing Hospital and Medical Center appeals from an order of the Supreme Court, Queens County (LeVine, J.), dated May 6, 1988, which denied its motion for summary judgment dismissing the complaint as asserted against it.

Ordered that the order is reversed, on the law, with one bill of costs payable by the respondents appearing separately and filing separate briefs, the motion is granted, the complaint is dismissed as against the defendant Flushing Hospital and Medical Center, and the action against the remaining defendants is severed.

The plaintiff claims that she suffered psychological injuries resulting directly from acts attributable to the defendant Flushing Hospital and Medical Center (hereinafter the hospital) constituting negligence or malpractice. Specifically, the plaintiff has asserted that, as a result of being improperly "exposed" (disrobed) by personnel of the hospital during the course of her emergency room treatment following an automobile accident, she suffered emotional injuries.

The hospital moved for summary judgment dismissing the second cause of action (the only claim asserted against it), alleging that it failed to state a cause of action.

The plaintiff has conceded that she sustained no physical injury and that there was no threat of any injury as a result of what the plaintiff characterizes as the negligence of the hospital. Nor is there any doubt that the treatment rendered by the hospital was entirely appropriate from a medical standpoint. We conclude that no issues of material fact have been raised which would require the denial of the application for summary judgment (see, Sillman v Twentieth Century-Fox Film Corp., 3 NY2d 395, 404; see also, Cohen v Herbal Concepts, 100 AD2d 175, 177, affd 63 NY2d 379).

Construing the pleadings in a light most favorable to the plaintiff (see, Cohn v Lionel Corp., 21 NY2d 559, 562; see also, CPLR 3026), upon our review of the complaint we find that the plaintiff has failed to state a claim for the negligent

infliction of emotional distress *(see, Johnson v State of New York,* 37 NY2d 378; *Lancellotti v Howard,* 155 AD2d 588).

Having examined all the parties' contentions, we find that the Supreme Court improperly denied the hospital's motion for summary judgment. Kooper, J. P., Harwood, Rosenblatt and Miller, JJ., concur.