OPINION OF THE COURT
William L. Underwood, Jr., J.
The case at bar requires the resolution of two issues: (1) whether "fear of contracting AIDS” is a viable cause of action, and if so, under what circumstances, and (2) the degree of reticence imposed on law enforcement personnel by Public Health Law article 27-F.
On November 28, 1989, a person (hereinafter referred to as the patient) was arrested by Suffolk County police officers for burglary. The patient was placed in detention at the Second Precinct in Huntington. During his arrest processing, the patient complained of pain in his wrist and was transported by the police to the emergency room of Huntington Hospital. Hospital personnel examined the patient and interviewed him concerning his past medical history. The plaintiff, Dr. Ordway, examined the patient and performed a surgical operation on him. On December 5, 1989, plaintiff, Dr. Ordway, performed another operation on the patient. On December 8, 1989, plaintiff learned that the patient had tested positive for the HIV virus for the preceding four years. During his operations on the patient, Dr. Ordway states that he wore "a surgical scrub suit consisting of pants, a shirt, sterile gown, sterile mask and surgical gloves”. Plaintiff claims that had he known of the patient’s condition he would have taken "certain necessary precautions” including the use of "a full face shield or goggles, a specific type of respirator or breathing protector, double gloves, changing gown every 30 minutes and knee-high boots”. Because these precautions were not taken, Dr. Ordway asserts that he believes he has contracted the AIDS virus. As a result of the long gestation period of the disease it may be five years or more before Dr. Ordway can confirm if he is HIV-1 positive. This causes the plaintiffs to suffer "severe emotional fright which can be diagnosed as HIV phobia”. It is uncertain as to whether the attending police officers knew of the patient’s condition. Plaintiffs commenced this action via service of summons and complaint against the defendant, Suffolk County. Suffolk County commenced the instant third-party *271 action against third-party defendant, Huntington Hospital. Both Suffolk County and Huntington Hospital have moved for summary judgment.
Summary judgment is a drastic remedy which should only be granted when the movant demonstrates the absence of a material issue of fact (Benincasa v Garrubbo, 141 AD2d 636 [1988]). This extraordinary remedy "is rarely granted in negligence cases since the very question of whether a defendant’s conduct amounts to negligence is inherently a question for the trier of fact in all but the most egregious instances” (Johannsdotter v Kohn, 90 AD2d 842, citing Wilson v Sponable, 81 AD2d 1, 5; Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C3212:8, at 315). "[E]yen when the facts are conceded there is often a question as to whether the defendant or the plaintiff acted reasonably under the circumstances. This can rarely be decided as a matter of law” (Andre v Pomeroy, 35 NY2d 361, 364 [1974]). However, in the case at bar the salient facts are undisputed and our application of statute reveals that the defendant, Suffolk County, exhibited " 'exemplary prudence [under] the circumstances’ ” (supra, at 365, quoting 4 Weinstein-Korn-Miller, NY Civ Prac ¶ 3212.03).
Although it is not specifically stated as such, plaintiffs’ cause of action is founded on the theory of negligent infliction of emotional distress. The initial question for the court to address is whether fear of contracting AIDS comes within this tort theory and, if so, under what circumstances.
Courts have been circumspect in allowing recovery for negligent infliction of emotional distress because of the danger that a plethora of vexatious, frivolous lawsuits would result from the theory’s wide-spread use (Ferraro v Galluchio, 5 NY2d 16 [1958]). To prevent the abuse of the litigation process by frivolous actions, "psychic injury” was initially allowed as a theory of recovery only if there were attendant physical injuries (supra, at 21; Mitchell v Rochester Ry. Co., 151 NY 107 [1896]). In Battalla v State of New York (10 NY2d 237, 239 [1961]), the need for accompanying physical injuries was dispensed with. In place of the discarded physical injury requirement of Mitchell (supra), each case was examined by the court to determine if the facts alleged contained a " 'guarantee of genuineness’ ” which insured that the claim was not ephemeral (Johnson v State of New York, 37 NY2d 378, 384 [1975]). Despite the absence of a rigid requirement of physical injury, however, the indicia of legitimacy invariably includes "some *272 form of physical trauma, however minimal, stemming from the defendants’ negligence” (Lancellotti v Howard, 155 AD2d 588, 590 [2d Dept 1989]). In addition to suffering some "psychic harm” the plaintiff must establish that he was owed a duty of care by the defendant, that the defendant negligently breached this duty, and that the defendant’s negligent act was the proximate cause of the psychic injury (Martinez v Long Is. Jewish Hillside Med. Center, 70 NY2d 697, 699 [1987]; Johnson v State of New York, supra, at 381).
Does "AIDS phobia” constitute a viable psychic injury for the purposes of an action based on negligent infliction of emotional distress? AIDS (Acquired Immune Deficiency Syndrome) is caused by HIV (Human Immunodeficiency Virus) and at the present time is ultimately fatal (AIDS Law: The Impact of AIDS on American Schools and Prisons, 1987 Ann Surv Am L 117, 119). HIV may be transmitted through the "use of contaminated blood, blood products, or needles; through [sexual] intercourse with an infected partner * * * and from an infected pregnant woman to her fetus” (id., at 119). It is not considered a contagious disease because it can’t be spread through casual contact (id., at 119). Case law discussed infra shows that fear of this ailment can form the basis of a cause of action.
There have been very few cases in New York (or other jurisdictions) discussing "AIDS phobia” as a cause of action. In Doe v Doe (136 Misc 2d 1015 [Sup Ct, Kings County 1987]), recovery for negligent infliction of "AIDS phobia” was denied because, inter alla, there was no specific incident on which the claim was based and there was no proof that the defendant had AIDS. Hare v State of New York (173 AD2d 523 [2d Dept 1991]) involved a prison inmate who bit an X-ray technician attempting to assist a correction officer in subduing the inmate. In denying the claim the court noted that there was no proof that the inmate was suffering from AIDS and although the claimant had lost weight and exhibited cold symptoms, he still tested negative for HIV. In Castro v New York Life Ins. Co. (153 Misc 2d 1 [Sup Ct, NY County 1991]), the cause of action was sustained. The court observed (for the purposes of a summary judgment motion) that the plaintiff’s fear could be traced to a specific traumatic event, sticking her hand on a discarded hypodermic needle in a trash can, which was the direct result of the defendant negligently breaching its duty to separately dispose of used syringes. The court in Castro also *273 detailed the tangible results of plaintiffs psychic injury (e.g., treatment by a psychiatrist and work loss).
In the matter sub judice, the plaintiff, Dr. Ordway, is by profession a surgeon. He has not alleged that the operations he performed on the patient were in any way remarkable. There was no broken glove, pierced skin, patient bite, etc., which distinguishes the operations in question from any other. Although the surgical procedure in Martinez v Long Is. Jewish Hillside Med. Center (70 NY2d 697, supra) appears to have been without incident, that case was decided from the perspective of the patient who was negligently advised to undergo an operation. As far as the plaintiff in the instant case is concerned, the surgical operations performed on the patient were traumatic only in retrospect (as were the complained of incidents in Doe v Doe, supra). Additionally, plaintiffs allegations of subsequent injury give no guarantee of genuineness which is essential in the absence of physical injury (Johnson v State of New York, supra). Plaintiffs allegations of injury in his complaint, bill of particulars, and sworn affidavit consist of a general averment that he lives in "fear and uncertainty and continually believe I have contracted the AIDS virus”. It is uncontroverted that at present the plaintiff tests negative for HIV and has not suffered a loss of income as a result of his "exposure”. Absent any allegation of an unusual occurrence during the operations themselves or indicia of legitimacy in plaintiff’s postoperative condition, the claim asserted herein is insufficient as a matter of law and defendants are entitled to judgment in their favor (see, Lancellotti v Howard, supra).
Assuming, arguendo, that plaintiff did make an allegation of a traumatic incident or demonstrate a sufficient guarantee of genuineness, the defendant, Suffolk County, was under no duty to impart the patient’s HIV status to plaintiff, Dr. Ordway.
The liability of the defendant, Suffolk County, turns on question of what duty, if any, is owed by it to plaintiff? "Negligence is not a tort unless it results in the commission of a wrong, and the commission of a wrong imports the violation of a right” (Palsgraf v Long Is. R. R. Co., 248 NY 339, 345 [1928]). The court is mindful that the theory of tort in the case at bar is the frontier of liability for negligence. Accordingly, it is paramount that plaintiff show a specific duty of care on the part of the defendant (Johnson v Jamaica Hosp., 62 NY2d 523, 527 [1984]). Defendant’s duty is defined by Public Health Law article 27-F which imposed severe restrictions on the dissemi *274 nation of a person’s status vis-á-vis HIV infection. In enacting this statute the Legislature stated that it:
"recognizes that maximum confidentiality protection for information related to human immunodeficiency virus (HIV) infection and acquired immune deficiency syndrome (AIDS) is an essential public health measure * * *
"strong confidentiality protections can limit the risk of discrimination and the harm to an individual’s interest in privacy that unauthorized disclosure * * * can cause” (L 1988, ch 584, § 1).
To carry out this legislative intent, 10 NYCRR 63.5 (j) prohibits the disclosure of HIV-related information solely to carry out "infection control precautions”. In his affidavit, Dr. Ordway states that if he had known of the patient’s HIV status he would have taken measures to prevent the risk of infection to himself. There is no indication that the treatment of the patient would be altered in any way. It is unquestioned that the defendant, Suffolk County, was responsible to plaintiff to prevent any acts of physical violence on the part of the patient (Hare v State of New York, supra). Absent an intervening criminal act by the patient, however, the defendant’s primary duty of care is to the patient not the plaintiff. That duty is to protect the confidentiality of the patient’s HIV status in accordance with article 27-F. The patient in the case at bar comported himself as any other patient and he is entitled to the protection and nondiscrimination intended by the Legislature.
The contrasting provisions of article 27-F create something of a paradox. The police officers guarding the patient are obliged to remain silent regarding his HIV status unless revealing it to Dr. Ordway will "affect his treatment”. We pause to ask, "how can the Police Officers know the answer to this legislative requirement unless they initially reveal the patient’s status to the treating physician”? Until these conflicting subdivisions are reconciled statutorily the court foresees that police will lack the guidance necessary to decide when it is appropriate to disclose the HIV status of a prisoner.
At the present time, however, since there is no specific duty for the defendant, Suffolk County, to disclose the patient’s HIV status to Dr. Ordway under these circumstances, defendants are entitled to summary judgment as a matter of law and the action herein will be dismissed.