OPINION OF THE COURT
Bernard F. McCaffrey, J.
This is an action for emotional injuries allegedly sustained by the infant plaintiffs and by plaintiff, Reverend Alan Thomas, as the result of viewing a pornographic passage that was contained at the end of a videotape entitled, "Who Framed Roger Rabbit” that was rented at a Pathmark Supermarket operated by the defendant which was located in Bald *829 win, New York. According to the complaint, the subject videotape was rented by the infant plaintiffs’ mother on April 14, 1990.
While the children, ages 7 and 4 respectively, viewed the tape later that day, plaintiffs contend they were startled to discover it contained an additional unwanted segment. More particularly, following the credits was a sexually explicit passage of unspecified duration. Approximately five months later, on or about September 20, 1990 plaintiffs commenced the instant negligence action with the service of a summons and complaint upon defendant.
The plaintiffs’ complaint contains three separate causes of action. The first cause of action on behalf of the infant plaintiffs seeks damages as a result of the alleged "extreme mental anguish and grief’ suffered by the infant plaintiffs as a result of viewing the pornographic passage. It is claimed that these injuries were the result of the "negligence and/or gross negligence, recklessness and carelessness of the defendant.”
The second cause of action seeks damages on behalf of plaintiff, Reverend Alan Thomas, for the loss of services, society and companionship of his infant children.
The third cause of action contained in the complaint seeks damages on behalf of plaintiff, Reverend Alan Thomas, by reason of the "mental stress and anguish” allegedly sustained by him in learning that his children had been exposed to "degrading material.”
Plaintiffs’ complaint alleges three separate and distinct causes of action asserting negligent infliction of emotional distress on behalf of the children, a derivative loss of services claim for their father, Reverend Alan Thomas, and an independent claim by Reverend Thomas for negligent infliction of emotional distress as the result of his witnessing his children’s exposure to this material. Á $1 million judgment is demanded on each cause of action.
Plaintiffs assert that it is a known fact that pornography has a deleterious effect on young impressionable minds and the Reverend’s mental anguish is connected with the injury suffered by the infants’ impressionable minds.
Thus, plaintiffs contend the fact is that the children were dealing with tape continuously and when the Reverend saw this and observed that the tape was so filthy, having such pornographic material, at the same moment in time he recog *830 nized the fact that it was extremely detrimental to his children and he suffered extreme grievous anguish in that he was there, in their presence, and observed the pornographic material that was being shown on the tape. Plaintiffs also contend that this is analogous to a situation where a parent is escorting a child across the street and a bus strikes and kills the child in front of the parent’s eyes. Plaintiffs further argue that the courts have held that the parent has a good cause of action for the extreme mental anguish and can be separate and apart from physical injury such as injury suffered by the death of the infant. Therefore, plaintiffs argue, this is an analogous situation in that the children, while observing this pornographic material, the Reverend came into their presence, having seen that, suffered extreme mental anguish realizing the effect of such pornographic material on the minds of children.
Defendant contends that the instant action should be dismissed inasmuch as there is no statutory duty imposed upon an entity that rents videotapes to review all tapes in order to discover any unauthorized "additions.” Similarly, defendant asserts that there is apparently no reported decision of any court of this State which would impose such a duty. Therefore, defendant moves to dismiss the complaint pursuant to CPLR 3211 (a) (7) due to its purported failure to plead a valid cause of action.
The plaintiffs’ March 27, 1991 bill of particulars asserts that defendant was negligent "in permitting a videotape intended for viewing by children to contain illicit, explicit sexual obscenities and pornographies; in failing to inspect said tape after being rented by previous customers; in failing to take precautions to prevent the said taping of pornographic scenes on movies intended for viewing by young children; in allowing a significant amount of videotape at the end of the main feature that would allow for said additions; in failing to adequately review the videotape before releasing it [and] failing to set guidelines, instructions or otherwise train its employees in a manner which would reasonably prevent the addition of such pornography on the end of a videotape”.
Defendant is alleged to have constructive notice of the defect because it "Knowingly permitted, rented and distributed a videotape intended for viewing by children of tender and impressionable years to contain a significant amount of space after the main viewing feature which could foreseeably lead to the aforementioned pornographic additions” (emphasis *831 supplied). Plaintiffs’ causes of action are, however, limited to negligence. Intent is not alleged.
As the result of defendant’s negligence, plaintiffs are alleged to have sustained "severe emotional and mental shock and anguish which, upon information and belief, is of a residual and permanent nature which has required the plaintiffs to undergo religious counselling and treatment” (emphasis added). No separate medical or psychological treatment is alleged nor supporting affidavits from counselors, therapists or physicians included.
The law is well settled that physical injury is no longer a necessary component of a cause of action to recover damages for the negligent infliction of emotional distress. However, "[t]he circumstances under which recovery may be had for purely emotional harm are extremely limited * * * a cause of action seeking such recovery must generally be premised upon a breach of a duty owed directly to the plaintiff which either endangered the plaintiff’s physical safety or caused the plaintiff fear for his or her own safety” (Lancellotti v Howard, 155 AD2d 588, 589-590 [2d Dept 1989]; Battalla v State of New York, 10 NY2d 237).
As a consequence of this restrictive standard, claims for the negligent infliction of emotional distress, which frequently arise in medical malpractice matters, are usually unsuccessful (see, Lancellotti v Howard, supra [woman denied recovery for psychic harm allegedly sustained due to physician’s misdiagnosis and seven months’ treatment for pregnancy]; Goodman v Karlin, 159 AD2d 483 [2d Dept 1990] [plaintiff’s complaint for purely psychological injuries allegedly incurred as the result of being improperly disrobed by hospital personnel during emergency room treatment dismissed summarily]; Jensen v Whitford Co., 167 AD2d 826 [4th Dept 1990] [wife’s action to recover for emotional distress she allegedly suffered solely in consequence of observing her husband’s health deteriorate due to defendant’s alleged negligence in reconstructing roadway adjacent to their home dismissed]; Vossler v Amin, 175 AD2d 570 [4th Dept 1991] [patient’s malpractice claim, including psychic injury, dismissed since defendants’ competent medical evidence established that two-month delay in diagnosing lung cancer did not adversely affect plaintiff’s physical condition]).
The sine qua non of a successful action to recover for the negligent infliction of emotional distress is the breach of a duty owed to plaintiff which exposes he or she to an unreason *832 able risk of bodily injury or death (Bovsun v Sanperi, 61 NY2d 219 [1984]; Lancellotti v Howard, supra).
On the present set of facts, however, it is undisputed that plaintiffs’ physical safety was not jeopardized. Rather, the injuries alleged are purely emotional or psychological and unrelated to any physical threat.
Moreover, the standard of care to which defendant must conform is that of a reasonably prudent merchant or supermarket under these circumstances. There is nothing in the record to indicate that defendant reasonably knew or should have known of the existence of this passage on the tape. Contrary to plaintiffs’ suggestion, this duty does not extend to an examination of each videotape, in its entirety, in their inventory. Indeed, plaintiffs’ bill of particulars would expand this obligation to include an inspection after every rental. Even assuming, arguendo, that such an eventuality is foreseeable, an imposition of this sort upon a retailer, as opposed perhaps to a manufacturer or distributor, would be unduly burdensome.
Accordingly, even liberally construed in a light most favorable to plaintiffs, the first and third purported causes of action are fatally flawed and inadequate as a matter of law. Furthermore, it is axiomatic that dismissal of plaintiffs’ direct claim mandates dismissal of their second, entirely derivative, action.
The affirmation in opposition of plaintiffs’ counsel, unencumbered by case law, statutory reference or other supporting documentation, contains nothing to preclude this result.
Recovery of damages for the negligent infliction of emotional distress by a party who contemporaneously observes the infliction of serious injury or death upon a member of his or her immediate family is permissible (Bovsun v Sanperi, supra) but even more restricted.
Bovsun’s progeny are extremely limited. In fact, it is far more illustrative to examine the plethora of cases which determined this doctrine to be inapplicable (Reed v Cioffi, Seftel & Soni, 155 AD2d 796 [3d Dept 1989] [husband’s claim for emotional distress after observing wife’s death and stillbirth of his daughter dismissed due to lack of direct duty or exposure of unreasonable risk of physical injury to plaintiff within "zone of danger”]; Arroyo v New York City Health & Hosps. Corp., 163 AD2d 9 [1st Dept 1990] [dismissed psychic injury claim of one of two infant siblings being simultaneously treated in adjacent beds for lead poisoning following cardiac *833 arrest and death of brother allegedly due to hospital’s failure to control intravenous solution]; Guialdo v Allen, 171 AD2d 535 [1st Dept 1991] [mother’s complaint for psychic injury due to stillbirth dismissed in absence of allegation of direct risk of unreasonable bodily harm to her]; Oresky v Scharf, 126 AD2d 614 [2d Dept 1987] [claim of daughters of nursing home resident, who suffered from Alzheimer’s disease, who wandered off and disappeared, dismissed]; see also, Lipsig, AIDS Phobia and Negligent Infliction of Emotional Distress, NYLJ, Mar. 26, 1992, at 3, col 1).
As noted, in this instance no direct physical risk of injury is alleged on behalf of either the children or Reverend Thomas. Further, there is a genuine issue of fact as to whether Reverend Thomas was in the "zone of danger” when the children witnessed this material (Gonzalez v New York City Hous. Auth., 181 AD2d 440 [1st Dept 1992]; Hass v Manhattan & Bronx Surface Tr. Operating Auth., 170 AD2d 406 [1st Dept 1991]).
Even considering the special sensibilities of Reverend Thomas as a member of the clergy, however understandably disturbing not only to Reverend Thomas but to any parent, the impact upon he or his children from viewing this portion of the tape is not actionable as a matter of law. Although plainly an unfortunate and unpleasant experience, simply stated, the law does not provide a remedy for every wrong.
Defendant’s application pursuant to CPLR 3211 (a) (7) to dismiss plaintiffs’ complaint due to its failure to state a cause of action is, therefore, granted.