■ CAROL DOE, Appellant-Respondent, v JAMAICA HOSPITAL et al., Defendants, and MAURICE ABITBOL, Respondent-Appellant. [608 NYS2d 518] —In an action to recover damages for personal injuries, etc., the plaintiff appeals, as limited by her notice of appeal and brief, from so much of an order of the Supreme Court, Kings County (Scholnick, J.), dated October 1, 1991, as granted that branch of the motion of the defendant Maurice Abitbol which was to dismiss the first cause of action, alleging a violation of the Federal Rehabilitation Act of 1973, and the defendant Maurice Abitbol cross-appeals, as limited by his brief, from so much of the same order as denied those branches of his motion which were to dismiss the second cause of action, alleging violation of the Human Rights Law, and the fifth cause of action, alleging negligence.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

In October 1988 the plaintiff was permitted to register at Jamaica Hospital's high-risk prenatal care clinic based on her physical examination and history. The plaintiff also volunteered to test for Acquired Immune Deficiency Syndrome (hereinafter AIDS), which proved positive for the HIV antibody. The plaintiff alleges that, based on the test results, Jamaica Hospital's personnel, including the defendant Maurice Abitbol, who is a doctor, refused to continue to treat her at the high-risk prenatal care clinic, told her she should have an abortion, and, among other things, referred her to Kings County Hospital, where she underwent an abortion.

The plaintiff contends that Dr. Abitbol violated her rights as a handicapped person protected by Federal Rehabilitation Act of 1973 § 504 (29 USC § 794 *et seq.*, added by Pub L 93-112, 87 US Stat 394). Dr. Abitbol contends that he is not subject to the provisions of that statute because he is an employee of Jamaica Hospital and does not directly receive Federal financial assistance. We agree with Dr. Abitbol that the requirements of section 504 do not pertain here. Congress limited the scope of section 504 to those who actually "receive" Federal financial assistance, as part of the costs of the recipient's agreement to accept the Federal funds *(see, Department of Transp. v Paralyzed Veterans,* 477 US 597, 605). The obligations of section 504 are imposed upon those who are in a position to accept or reject them as a part of the decision whether or not to "receive" Federal funds *(Department of Transp. v Paralyzed Veterans, supra).* Dr. Abitbol cannot be held to the requirements of section 504 simply because he is an employee of a Federally-funded hospital *(see, Department of Transp. v Paralyzed Veterans, supra; Glanz v Vernick,* 756 F Supp 632, 637 [D Mass]).

However, we reject Dr. Abitbol's contention that the Supreme Court erred in denying the branch of his motion which was for summary judgment with respect to the fifth cause of action, which alleges that he negligently breached his duty to provide proper care and treatment to the plaintiff. Contrary to his contention, his affidavit, which alleged in conclusory fashion that he acted in conformity with the appropriate standard of care, was insufficient to establish an absence of negligence as a matter of law *(see, Alvarez v Prospect Hosp.,* 68 NY2d 320, 325-326; *Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853; *Wertheimer v Paley,* 137 AD2d 680). Moreover, the affidavits of the plaintiff and her two physicians are sufficient to create an issue of fact as to whether Dr. Abitbol negligently gave erroneous advice upon which the plaintiff affirmatively acted in deciding to have an abortion *(see, Martinez v Long Is. Jewish Hillside Med. Ctr.,* 70 NY2d 697, 699).

Finally, Dr. Abitbol has failed to establish the absence of any triable issues of fact with respect to the plaintiff's second cause of action against him under the Human Rights Law *(see,* Executive Law § 296) *(see, Rotuba Extruders v Ceppos,* 46 NY2d 223). Balletta, J. P., Pizzuto, Friedmann and Krausman, JJ., concur.