■ JOYCE DePESA, Respondent-Appellant, v WESTCHESTER SQUARE MEDICAL CENTER, Appellant-Respondent. [657 NYS2d

419] —Judgment, Supreme Court, Bronx County (Lottie Wilkens, J.), entered April 21, 1995, which, upon a jury verdict, *inter alia,* apportioned negligence 30% to decedent, 47% to defendant Westchester Square Medical Center, and 23% to nonparty Jacobi Hospital, and awarded damages against defendant, unanimously reversed, on the law, without costs, the judgment is vacated and the matter is remanded for a new trial.

The trial record reveals that on April 29, 1985, Ruth Durant, who was 49 years old at the time, felt severe pain in her abdomen and went to the emergency room at Westchester Square Medical Center. There, she was prescribed Mylanta and sent home with the advice that she should contact her personal physician if her condition worsened. Durant took the Mylanta, but her condition continued to deteriorate and, after 20 more days, she went to the emergency room at Jacobi Hospital on May 19, 1985. After x-rays and other tests were performed, Durant was admitted and was operated on for a perforated bowel and peritonitis on May 21st. Although the evidence indicated that the operation itself was successful, she died at the hospital on May 25, 1985. The autopsy report indicated the presence of yellow fluid in the pleural cavity and peritoneal cavity, and the cause of the death as status post bowel resection, bronchopneumonia and congestive heart failure.

The case was submitted to the jury with instructions to determine the proportionate liability of the parties. We agree with defendant Westchester Square Medical Center that the trial court also should have provided an instruction directing the jury to decide whether the post-operative care of decedent by Jacobi Hospital, despite defendant's negligence, was the proximate and superseding cause of death. The doctrine of intervening causation speaks of different principles of law, in that such defendants are not joint tortfeasors with respect to liability for the cause of death or injury. Intervening causation arises when the act of a third party, independent of defendant's negligent conduct, is the proximate cause of death or injury. The inquiry is whether "the intervention of the later cause is a significant part of the risk involved in the defendant's conduct, or so reasonably connected with it that the responsibility should not be terminated" (Prosser and Keeton, Torts § 44, at 302 [5th ed]; PJI 2:72). If the negligent act of the third party is extraordinary under the circumstances and unforeseeable as a normal and probable consequence of defendant's negligence, then the third party's negligence supersedes that of the defendant and relieves defendant of liability (*Lynch v Bay Ridge*

*Obstetrical & Gynecological Assocs.,* 72 NY2d 632, 636; *Bikowicz v Sterling Drug,* 161 AD2d 982; Prosser and Keeton, *op. cit.*).

In the case at bar, there was sufficient evidence in the record to present to the jury the factual issue of whether the postoperative care at Jacobi Hospital, although resulting from circumstances set in motion by defendant's initial negligence, was sufficiently attenuated from defendant's initial medical misdiagnosis so as to relieve defendant of liability for the eventual death. Defendant's expert testified, based on the medical evidence, that while defendant was recovering from surgery, Jacobi Hospital personnel had administered almost double the amount of fluids that decedent could output, resulting in congestive heart failure and her ultimate demise. Defendant's theory at trial was that the perforation of the bowel occurred at Jacobi Hospital; that Jacobi Hospital administered substantially more fluid to the patient than she could excrete; that these causes of death were independent of defendant's own negligence in failing to detect bowel conditions; and that such intervening negligence would not have been foreseeable by a reasonably prudent person. Accordingly, the question of intervening causation should have been presented to the jury.

The trial court initially intended to submit a charge on intervening causation, on apparent consent of the parties, but subsequently declined to submit the charge, concluding that it was bound by the June 27, 1991 "decision" of Judge McKeon. However, that prior order, addressing the proportionate liability of the parties in the context of claims for contribution, did not limit defendant to that theory and did not establish the law of the case with respect to intervening causation. The IAS Court erred in misconstruing Judge McKeon's decision to preclude the trial court from providing a charge on intervening causation. Concur—Sullivan, J. P., Wallach, Rubin, Tom and Andrias, JJ.