■ JOSE GARCIA, Respondent, v NEW YORK CITY HEALTH AND HOSPITALS CORPORATION, Appellant. [750 NYS2d 595] —Order and judgment (one paper), Supreme Court, Bronx County (Joseph Giamboi, J.), entered on or about July 23, 2001, which,

inter alia, upon a jury verdict as reduced pursuant to stipulation, awarded plaintiff, in this action for medical malpractice and wrongful death, damages, structured pursuant to CPLR articles 50-A and 50-B, and apportioned fault 70% to defendant and 30% to plaintiff's decedent, unanimously affirmed, without costs.

Contrary to defendant's arguments, the trial evidence, fairly considered (*see Nicastro v Park*, 113 AD2d 129, 134), permitted the jury to conclude that defendant had been negligent in assessing the gravity of the condition of plaintiff's decedent when she presented herself for care and treatment at defendant's hospital emergency room and that that negligence was a substantial factor in bringing about the decedent's demise from intestinal gangrene secondary to volvulus of the small intestine. The jury's inference of negligence against defendant is sustainable without proof of the precise acts or omissions constituting such negligence (*see Pollicina v Misericordia Hosp. Med. Ctr.*, 158 AD2d 194, 200, *lv dismissed* 76 NY2d 934), particularly since this is a wrongful death action where the injured party is unavailable to herself describe the events at issue (*Noseworthy v City of New York*, 298 NY 76, 80). We note in this connection that the conclusion of plaintiff's expert that plaintiff's decedent had been inappropriately triaged in defendant's emergency room was reasonably premised upon the trial testimony and autopsy results, the triage sheet documenting the decedent's triage having been unavailable by reason of defendant's actions (*see id.*).

There is no merit to defendant's contention that decedent's elopement from the hospital constituted a superseding cause of her death, as a matter of law. Whether the decedent's elopement interrupted the causal chain or was a foreseeable consequence of defendant's decision not to afford her immediate medical treatment despite her distress from what the evidence shows to have been an imminently life-threatening condition, was a question of fact properly left for the jury to resolve (*see Lynch v Bay Ridge Obstetrical & Gynecological Assoc.*, 72 NY2d 632).

Contrary to defendant's assertions, there is ample support in the record for each of the jury's awards, none of which, as reduced, deviates materially from what is reasonable compensation under the circumstances (*see* CPLR 5501 [c]).

Finally, under the facts of this case, the trial court properly directed that payments for future damages would commence from the date of the verdict, rather than from the date of entry of the judgment. An immediate lump-sum award does not rep-

resent a windfall for plaintiff and, therefore, does not violate the statutory scheme of CPLR articles 50-A and 50-B (*see Rohring v City of Niagara Falls*, 84 NY2d 60, 69-70). Courts may, in certain hardship circumstances, abandon the periodic-payment schedule and order a lump-sum payment (*see* CPLR 5036, 5046). A plaintiff's right to seek such an acceleration is necessarily premised on a preexisting liability on the part of the defendant for the full amount of future damages (*see Rohring, supra*).

We have considered defendant's remaining contentions and find them unavailing. Concur—Buckley, J.P., Rosenberger, Lerner and Gonzalez, JJ.