■ RED HOOK/GOWANUS CHAMBER OF COMMERCE, INC., Respondent, v PETER B. BRIGHTBILL et al., Respondents, and LAW OFFICES OF STUART A. KLEIN et al., Appellants. [898 NYS2d 125]—

Order, Supreme Court, New York County (Debra A. James, J.), entered April 1, 2009, which denied defendants-appellants' motion for partial summary judgment dismissing those portions of the complaint as against them alleging negligent legal representation that occurred after February 12, 2004, unanimously affirmed, without costs.

Appellants employed defendant Brightbill as an associate and assigned him to a land-use dispute involving their client (plaintiff) (*see Matter of Red Hook/Gowanus Chamber of Commerce v New York City Bd. of Stds. & Appeals*, 49 AD3d 749 [2008]). In preparing the CPLR article 78 proceeding seeking to vacate a determination approving a variance, Brightbill allegedly committed malpractice in failing to name a necessary party. Brightbill subsequently left the firm and formed his own firm, which was substituted for appellants in prosecuting plaintiff's claims. Additional acts of malpractice were allegedly committed in connection with Brightbill's subsequent representation of plaintiff, and appellants maintain that they cannot be held liable for the alleged negligence of Brightbill and his firm.

"[A]n intervening act which is a normal consequence of the situation created by a defendant cannot constitute a superseding cause absolving the defendant from liability" (*Lynch v Bay Ridge Obstetrical & Gynecological Assoc.*, 72 NY2d 632, 636-637 [1988]). Here, the motion court properly determined that appellants failed to sustain their prima facie burden of establishing that the alleged negligence of Brightbill and his firm was not a normal consequence of the situation created by the initial purportedly negligent act of failing to name a necessary party in the article 78 proceeding. In this regard, we note that plaintiff does not allege that the motion to amend the petition to request a remand rather than vacatur of the variance was an act of malpractice.

We have considered appellants' remaining arguments, including that they cannot be held liable because their conduct could not be considered the proximate cause of plaintiff's damages, and find them unavailing. Concur—Gonzalez, P.J., Tom, Friedman, McGuire and Abdus-Salaam, JJ.